## ROBERTSON v. COKER, ET AL.

1. It is a sufficient excuse for an officer in not returning an execution, that that the plaintiff authorized him to hold it up.

2. A constable's bond may be delivered as an escrow, to become the bond of the parties on the performance of a certain condition.

3. Sureties to a constable's bond, may litigate the liability of their principal, as a judgment may be rendered against him, on a notice to them.

4. A constable is not a competent witness for his sureties, though released by them.

5. The sureties of a constable, who knowingly permit him to act under an insufficient bond, will be held responsible upon it.

Error to the Circuit Court of Talladega.

THIS proceeding commenced by notice against one May, a constable, and Joseph Coker, Thomas L. Best, and Solomon Spence, his sureties, for failing to return an execution in favor of the plaintiff in error, against one Elliott, and judgment being rendered thereon, in favor of the plaintiff against the sureties, they prosecuted an appeal to the circuit court.

The sureties appeared in the circuit court, and pleaded—

1. Taking issue upon the allegations of the notice.

2. That one Cox was the party really interested in the judgment, and that one Blythe, as his agent, delivered the execution to the constable, and authorized him either to return the execution, or to retain the same beyond the time when the same was returnable, at his discretion.

3. They craved oyer of the bond executed by the constable, and upon which they were sought to be charged. The bond was set out on oyer, and is in the usual form, purporting to be made by the constable, and the defendants as his sureties, and approved by the judge of the county court. The plea then proceeds *actio non*, &c., because they say they agreed to sign, and did sign, the bond, and deliver it to Alexander J. Cotton, clerk of the county court, with the distinct agreement and understanding, at the time, between all the signers to said instrument, and said Cotton, that the same was an escrow, and only to be considered as a bond upon condition that one William Curry and Allen Elston should sign said writing with these defendants, and it was distinctly agreed, that said instrument, so signed and delivered, should not be obligatory on them unless Elston and Curry

executed the same, and they aver that Elston and Curry never signed the same, and that it was never delivered to the judge of the county court, and this, &c., wherefore, &c.

To these pleas the plaintiff demurred, and the court overruling his demurrer, he then took issue on the pleas.

The plaintiff then introduced *Cotton*, the clerk of the county court, who denied knowing any thing of the conditional delivery, except as to Best, who said something on the subject to him, but he had no distinct recollection on the subject. He further testified, that this was the only bond in the office ever executed by May as constable, and that he had been acting publicly as a constable in the county, from a few days after the date of the bond, until about the first of the year 1846; that the defendants were all citizens of the county, and did not live far from May.

The defendants then, by an instrument under seal, released May from all liability to them, from any verdict or judgment which might be rendered in the cause, and offered him as a witness. The plaintiff objected, on the ground that the release did not remove his interest, but the court overruled the objection, and permitted him to testify. He then swore to facts conducing to prove the allegations in their plea, of the conditional delivery of the bond. He also admitted, that he had acted as constable from the date of the bond until about the 1st January, 1846; and that the defendants knew he was acting as constable. That in 1845, Best told him, he would not stand longer as his security, if he did not get other securities on the bond, and that during the time he had acted as constable, he had served notices on Coker, and had done official business for the sureties. This being all the evidence, the plaintiff's counsel asked the court to instruct the jury, that they ought not to find the issue formed on the third plea, in favor of the defendant—which the court refused.

Further, that if they believed that the bond had been left by the signers in the clerk's office, and had been approved by the judge of the county court—that May had acted as constable from the date of the bond to the 1st of the year 1846, and that the defendants knew, during that time, that the bond was approved, and in the clerk's office, and that May

was acting as constable, then the jury were authorized to infer an acquiesence in the bond, or a ratification of it on their part. The court refused to give this charge, and charged, that these were circumstances which the jury might weigh, in connection with the proof, in determining whether the defendants acquiesced in his thus acting, upon their resposibility, or not.

That if the jury believed the plaintiff, or his agent, had, by any fraudulent practices, or conduct, induced the constable not to return the execution within the time required by law, then they ought to find for the defendants. To all these charges, and refusals to charge, the plaintiff excepted, and assigns all the matters arising out of the bill of exceptions and the judgment of the court on the demurrers to the pleas, as error.

RICE, for plaintiff in error.

1. In a summary proceeding, under the act of 1824, against a constable and his securities, for the failure of the constable to return an execution, if the plaintiff is successful, he is entitled to judgment against the constable *and* his sureties, provided three days notice of the motion is given to the constable *or* his securities. And therefore, if the notice has been served on the securities, the constable is not a competent witness for them, although they release him from liability to them. [Clay's Dig. 219, § 87 ; McRae, et al. v. Colclough, 2 Ala. Rep. 74; see also, Condry & Henley v. Murphy, 4 S. & P. 9; McMahan v. Kyle, 9 Por. 507.]

2. When the constable is a party, any plea by the securities alone, denying his liability is bad. [McClure v. Colclough, 5 Ala. R. 65 ; Price v. Cloud, 6 A. R. 248.]

3. Where the constable has received no instructions of the plaintiff upon the record, or his attorney, he cannot defend such a rule on the ground that a third person has given him discretion to return or not return the execution—although the constable may alledge such third person to be the owner of the execution. [Crenshaw v. Harrison, 8 Ala. R. 342.]

4. A constable's bond, dated in April, 1844—approved in writing by the county court judge—on file in the proper office for more than a year—cannot be avoided by the securi-

ties by an alledged agreement between the signers thereof and the clerk of the county court, that it was not to be binding on them until two other persons signed it; especially when it is shown that such agreement was never communicated to the judge—when this was the only bond given by the constable, and when the constable has been all the time acting as constable within the knowledge of the sureties. [Price v. Cloud, 6 Ala. R. 248; McClure v. Colclough, 5 Ib. 65.]

5. When a plea is filed by two or more jointly, if it is bad as to one, it is bad as to all. So if the plea as pleaded is good as to all, but is sustained by evidence only as to one, it is no defence for any of the defendants. [Moors v. Parker, 3 Mass. Rep. 310; 6 Comyn's Dig. 136, (E, 36.)

6. Even if the fraud of a plaintiff in execution can be a defence for a defaulting constable, the fraud must be specially pleaded. Every matter of excuse must be specially pleaded. [Hallett v. Lee, 3 Ala. Rep. 28.].

Under the pleas, the question of fraud was not raised, and therefore the court erred in its charge in relation to fraud.

W. P. Chilton, for defendant in error.

1. This being a rule against the constable and sureties under the act of 1824, (Clay's Dig. 219, § 87,) no judgment can be rendered against the sureties, unless the constable is also before the court. The statute requires the judgment should be rendered against *him* and his sureties. *He must be a party*, and if dead, this summary remedy fails. [Logan v. Barclay, 3 Ala. R. 361; James v. Auld, 9 Ib. 462.]

The same rule applies to constable's sureties that applied to sheriffs before the passage of the act. So, when a sheriff, before the act last named, had absconded, no summary judgment could be rendered against his sureties. [Orr v. Duval, et al. 1 Ala. R. 262.] The statute being penal, and in derogation of the common law, must be strictly construed. [Ib.]

If this view is right, the court should have sustained the demurrer to the suggestion—plaintiff has no right to recover upon the case he presents by his pleading, and is not injured by any error of the court in reference to the collateral mat-

Robertson v. Coker, et al.

ters involved; hence this court will not reverse. [Turcott v. Hall, 8 Ala. R. 522; Smith v. Houston, Ib. 736.]

2. But if the action is sustainable, there is no error; the court very properly overruled the demurrer to the pleas, under the authority of Bibb, judge, &c. v. Reid & Hoyt, 3 Ala. R. 88, which case it is conceived directly sustains the pleas demurred to, as also the legality of May's evidence. Being released by the sureties, he has no interest, and is clearly competent. [See same case; Brown v. Brown, 5 Ala. Rep. 508.]

ORMOND, J.—The demurrers to the pleas were correctly overruled. An instruction by the person beneficially interested in the judgment, or by his authorized agent, to the constable, not to return the execution, is a sufficient warrant for his holding it up. The facts alledged in the third plea, constitute a defence, because if true, they establish that the bond upon which the motion is predicated, was never delivered by them as their bond, but upon a condition which has not been performed. [Reid & Hoyt v. Bibb, 3 Ala. R, 88.] The right of the sureties to litigate the *factum* of the bond, is clear in every case, where they are sought to be charged upon it. It is equally certain, that in motions under this statute, they may also litigate the question of the liability of their principal, as a judgment may be rendered against him, upon a notice to them. The cases of McClure v. Colclough, 5 Ala. Rep. 70, and Price v. Cloud, 6 Id. 248, rest upon a statute different from this.

The statute upon which this motion is founded, authorizes the plaintiff, when a constable has failed to return an execution, to move against him for the amount of the judgment, on giving three days notice to the constable, *or* his securities, and thereupon it is made the duty of the court to render judgment against him, and his securities. [Clay's Dig. 219, § 87.] It is no objection therefore, that he is not a party to the motion. The cases of Logan v. Barclay, 3 Ala. Rep. 361, and of James v. Auld, 9 Ala. Rep. 462, only established, that where the constable is dead, so that no judgment can be rendered against him, none can be rendered against his sureties,

as the statute requires the judgment to be rendered against him *and* his sureties, and that this defect was not remedied as to constables, by the act authorizing a judgment against the sureties of a sheriff, without including their principal.

From this it results also, that the constable was improperly admitted as a witness for his sureties, as a judgment could be rendered against him, although he had no notice of the motion; he had therefore a direct interest to defeat the motion, and against this interest it is obvious he could not be released by the sureties.

We are also of the opinion that the court should have charged the jury, that although the bond was originally delivered as an escrow, yet if subsequently the sureties suffered him to act under this bond, it would authorize the inference that they had waived their demand of additional sureties, and had consented to be bound by it as it stood. It would be a fraud upon the public, to permit them to lie by for such length of time, and suffer him to act without objection, upon a bond which the public had no means of knowing was insufficient.

Let the judgment be reversed, and the cause remanded.