[Guild, Register, &c. v. Thomas.]

# Guild, Register, &c. *v.* Thomas.

*Action on Injunction Bond.*

1. *Injunction bond; what good defense to action on.*—It is a good defense to an action on an injunction bond, that the defendant signed as surety only, entrusting it to the principal obligor for delivery, but with authority to deliver it only on condition that other persons joined as sureties in its execution, and that the principal delivered it without authority, such other persons not having joined in the execution of the bond.

2. *Same; duty of officer in approving bond.*—No officer charged with the duty of taking and approving official bonds, or bonds required in judicial proceedings, should approve or accept such bond, unless it is signed in his presence, and delivered by all the obligors or some one having authority in writing, properly attested, to bind them.

APPEAL from Circuit Court of Tuskaloosa.
Tried before Hon. W. B. WOOD.
The opinion states the case.

HARGROVE & LEWIS, for appellant.—The only question raised in *Bibb v. Reid*, 3 Ala. 88, was whether or not a bond could be delivered as an escrow to a joint obligor, the counsel for the appellant invoking the old common law doctrine that an escrow, to be good, must be delivered to a stranger; but the court took the more modern view that it could be delivered to a co-obligor as an escrow. Except some points of testimony, this was the only question raised by counsel and discussed by the court. We do not deny this doctrine, and it is not denied in the celebrated case of *Dair v. The United States*, 16 Wallace, p. 1. However broad may be the operation given to this doctrine, where the obligee is a private individual, *acting for himself*, and dealing directly with all the obligors on his bond, the supreme court of the United States, in the case of *Dair*, 16 Wallace, and the supreme court of Alabama, in the case of *May v. Robertson*, 13 Ala. p. 86, favor the policy of putting rigid restrictions upon it in cases where *public officers, acting for others*, are made obligees of bonds. These restrictions are based on a sound public policy, reason, principle and authority. It is made the *duty* of registers in chancery to receive and approve injunction bonds, and this duty is performed when a bond, regular on its face, signed by the principal with sufficient security, is presented to him in compliance with the fiat of the judge. He is charged with knowing that the security is *sufficient* and the

signature *genuine*, but it is not to be expected that he should leave his office and his business to go out into different parts of the city, county or State in order to inquire if the surety has had any private agreement with the principal, which the latter has concealed, that the bond was only executed on conditions. Nor could the party enjoined make such inquiries, for he is supposed to know nothing of the matter until the bond is received and approved, and the injunction served on him. To allow this defense to be set up to bonds required to be received and approved by public officers, since parties are now allowed to testify in their behalf, would be to open wide the door for frauds and perjuries, and defeat, in many instances, not only the administration of justice, but the collection, safe keeping and disbursement of public revenues. The principle of estoppel *en pais* as relaxed by modern decisions, in order to meet the ends of justice, has been made to successfully apply to cases like the one at bar.—*Dair v. United States*, 16 Wallace, p. 1; *State v. Pepper et al.*, 31 Indiana, p. 76; *State v. Peck*, 53 Maine, 284.

SOMMERVILLE & McEACHIN, *contra*.—1. There is a diversity of opinion on the question here involved in the courts of this country, but the supreme court of Alabama has settled the identical question in the negative, in an able and well considered decision, which has never since been questioned. *Bibb, Judge, &c., v. Reid & Hoyt*, 3 Ala. 88; 1 Brickell's Dig. p. 308, §§ 30-32, and cases cited.

2. There is an overwhelming weight of authority, in this country, in favor of the Alabama decisions, and they are all directly in point.—*People v. Bostwick*, 32 N. Y. 445; *Sessions v. Jones*, 6 How. (Miss.) 126; Drake on Attachments, § 336; *Rawlings v. United States*, 4 Cranch, 219; *State Bank v. Evans*, 3 J. S. Green, N. J., 155; *Ward v. Chum*, 18 Grattan (Va.) 801; *King v. Smith*, 2 Leigh (Va.) 157; *Clements v. Cassity*, 5 La. Ann. 380; 1 Parsons on Cont. p. 232; 32 Vt. 341; 11 Vt. 447.

3. The best considered case, holding a contrary doctrine, is that of *Dair v. The United States*, 16 Wall. (U. S.) p. 1.

But it is observable that the industry of the learned judge who delivered the opinion of the court in that case, seems to have exhausted itself in the citation of every one of the very few decisions corroborating his own views. His judgment, it is further noticeable, is sustained by the supreme courts of Maine, Indiana and Kentucky alone. It is opposed by the respectable courts of Alabama, New York, Mississippi, New Jersey, Vermont, Virginia, Louisiana, the previous adjudica-

tions of the federal courts, and the uniform authority of the most learned and distinguished text-writers.

BRICKELL, C. J.—The demurrers to the pleas and to the replications, and the exceptions reserved to the rulings of the court, in giving or refusing instructions to the jury, present the same question. The suit is against the appellee as the surety of one McCann, on an injunction bond. The statutes require an injunction bond to be made payable to and approved by the register of the court of chancery, directed to issue the writ. The condition of the bond in case of an injunction, not issued to stay proceedings after judgment at law, as was the writ issued on the bond in suit, is for the payment of all damages which any person may sustain by the suing out of the injunction, if it should be dissolved.—R. C. §§ 3428-30. The defense presented by the pleas, and sustained by the ruling on the demurrers, and the instructions given the jury, is that the defendant signed the bond as surety only, entrusting it to the principal obligor for delivery, but with authority to deliver it only on condition that other persons joined as sureties in its execution. Without authority he delivered it, such persons not having joined in its execution.

The question is of great practical importance, and must be of frequent recurrence in the multiform transactions of business. The principle which governs it is applicable not only to bonds like that on which suit is founded, taken by public officers in the course of judicial proceedings, for the protection of suitors, or the indemnity of others who may sustain damage, but to official bonds for the security of the public, or to deeds, or bonds, or other contracts in writing for the payment of money, or the performance of a duty not subject to the law merchant. Delivery is as essential as signing, to the completion of any of these instruments. In common parlance, they are often said to be made when merely signed, but until delivery, actual or constructive, they are not perfect—create no rights, and impose no duty or liability.

In *Firemen's Insurance Company v. McMillan*, 29 Ala. 160, an escrow is defined to be " a conditional delivery of a deed to a stranger, and not to the grantee himself, until certain conditions shall have been performed, and then it is to be delivered to the grantee." To the obligee, or grantee, or promissee, there may not be a conditional delivery. Possession of the instrument being transferred to him, by the consent of the obligor, or grantor, or promissor, the effect and validity of the instrument must be determined from its terms.

Parol evidence to change its character, or to vary or contradict its words, would infringe the well settled rule that parol evidence cannot be received to vary, alter, or contradict a written instrument. If conditions, resting in parol, annexed to its delivery, could be shown to render it a conditional instead of an absolute instrument, as its terms imported, it would be subject to the mischief, against which the inhibition of parol evidence, in variation or contradiction of written evidence, was intended to guard.

The instrument may, however, fall to the possession or custody of any other person than the grantee or obligee. A bond for the performance of official duty, as an administrator's, or a constable's bond, may be delivered as an escrow to a co-obligor, or to a stranger.—*Bibb v. Reid*, 3 Ala. 88; *Robertson v. Coker*, 11 Ala. 466; *Firemen's Ins. Co. v. McMillan, supra.* The delivery which perfects the instrument, like the signing of it, must be by the party to be bound by it, or by some one having authority to bind him in the premises. When the delivery is by him who held it as an escrow, the extent of his authority is the fact on which the validity, the completeness of the instrument depends. The party who deals with him is aware that he is acting for another, on whom a liability is to be imposed, and must ascertain whether he has the authority he is exercising. All who deal with an agent, or with one representing another, must, at their peril, ascertain the extent of his authority.

This general principle is not denied by the appellant, but he insists the appellee, by entrusting the principal with the custody of the bond, to procure others to sign as sureties, and then to deliver it, clothed him with the character of a general agent, inducing the obligee and others to deal with him, on the supposition that he had the authority to deliver it, the instrument not bearing on its face any evidence of incompleteness. The argument is not without its force, and is recognized by the authorities to which we have been referred. It was pressed on this court in the cases we have cited, but was not approved. If we had grave doubts of the correctness of these decisions, we could not depart from them. Influenced by them, such a delivery of written instruments may have been more or less frequent, and a departure from them might compel parties into contracts and obligations into which they had not voluntarily entered. Whoever has accepted delivery from a co-obligor, has been forewarned by judicial decision, that he was bound at his peril to inquire if he had authority to make it.

It can hardly be affirmed that it is a legal presumption, an obligor having custody of the instrument, has authority to

deliver it, when the same presumption would not be drawn from its custody by a stranger. Why it should be drawn in the one case, and not in the other, it seems to us difficult to assert on any sound reasoning. It may be that the obligee or others would be less reluctant to receive it without inquiry from a co-obligor, than from a stranger; yet, each must have the same authority, if the instrument becomes valid with the consent of all who are to be bound. If it is said the co-obligor has, by the condition of the delivery, the opportunity of using the instrument for the purpose for which it is intended, the answer is, he can so use it only by the acceptance of the obligee. The obligee trusts, therefore, to his representations, either in word or act, as to the extent of his authority, and is in the same condition of all who deal with an agent exceeding his powers.

It has been urged that a degree of diligence and caution, in receiving and approving bonds by officers, whose duty it is to take and approve them, for the security of individuals, and of the public, which has never been observed, will be exacted if it is declared that a surety can show a conditional delivery to a co-obligor in avoidance of his liability. The diligence and caution was demanded by the former decisions of this court. If officers have not observed it they must bear the consequences of their neglect of duty. If that negligence involves loss to individuals, for which they are not able to respond, the loss ought not to be thrown on those who have not consented to bear it. No officer charged with the duty of taking and approving a bond necessary in the course of judicial proceedings, or an official bond, exercises due diligence, unless the bond is signed in his presence, and delivered to him by all the obligors, or by some one having authority in writing, properly attested, to bind them. The principle that where a fraud has been perpetrated, from which one of two innocent parties must suffer, he who has put it into the power of a third person to commit the fraud must bear the loss, is admitted. If it has any just application in this case, as in all cases to which it is applied, the party invoking it must be without fault himself. The appellant was in fault, in not inquiring into and ascertaining whether the principal was authorized to make an unconditional delivery of the bond. He trusted to the representations of the principal, and this misplaced trust is the immediate cause of the loss he must bear, if the principal cannot respond to his liability.

The authorities on the question are in conflict. They have been carefully collected by the counsel, and have been examined and considered. We are content to abide the former

decisions of this court, to which the circuit court in its rulings correspond, and the judgment must be affirmed.