# King v. The State.

*Scire Facias against Sureties on Bail Bond.*

1. *Sureties; erasure of co-surety's name; bond.*—It is a good defense to an action, or *scire facias* against sureties on a bail bond, that they signed the bond on the express agreement and condition that another person should become co-surety, but that he did not become such by erasing his name before approval of bond.

2. *Custody of prisoner; escape.*—When an officer has the custody of a prisoner charged with a bailable offense, it is his duty to keep him until he has given a good and sufficient bond for his appearance; and if he accepts a bond which the sureties sign on the express agreement and condition that the officer himself shall also sign it as a surety, but fails to do so, he is guilty of reprehensible conduct, of which the court expresses its " unqualified disapprobation," if not of an unlawful escape.

APPEAL from Circuit Court of Etowah.

Tried before the Hon. JAMES AIKEN.

This was an action by *scire facias* against W. B. King and others, sureties on a bond for the appearance of Pate Poe, under indictment, who failed to appear. Defendants interposed a plea, setting up that they signed said bond on the agreement that R. L. Lindsay should sign the same as co-surety; that said Lindsay did sign said bond, and that defendants would not have signed it unless said Lindsay had become their co-surety; that said Lindsay, at the time the bond was signed, was the coroner of the county, and as such coroner, was acting and performing the duties of sheriff of the county, and as such, had Pate Poe in his custody, and as such took said bond, and before he accepted or approved the same, and before he released said Poe from custody, did erase his, Lindsay's, name from said bond as surety without the consent of defendants; and that the State of Alabama, by and through its legally authorized agents

[King v. The State.]

and officials, had ratified the erasure of his name by said Lindsay, and had relieved him from all liability on said bond without the consent of defendants. To this plea a demurrer was filed and sustained.

On the trial, the appearance bond was admitted in evidence against objection by defendants. The bond was signed by Pate Poe, W. B. King, M. Melburn, R. L. Lindsay, F. H. Eaton, T. Williams, L. R. Price, and showed on its face that the name of R. L. Lindsay had been erased by drawing a pen across it. No evidence was offered by the State to account for this erasure. The court refused to allow evidence by defendants tending to prove any facts and allegations which had been set out in their plea, and gave the general charge in favor of the plaintiff.

DENSON & DEAN, for appellant, cited *Fontaine v. Gunter,* 31 Ala. 258.

T. N. McCLELLAN, Attorney-General, *contra.*

STONE, C. J.—The Circuit Court erred in sustaining the demurrer to the plea in this case. If that plea be true, the sureties, by whom it was interposed, became such on condition that Lindsay, the acting sheriff, would become co-surety with them. Considering this question on demurrer, we are bound to regard and treat the averment as true. If true, it is a defense to the action.—*Bibb v. Reid,* 3 Ala. 88; *Robertson v. Coker,* 11 Ala. 466; *Fi eman's Ins. Co. v. McMillan,* 29 Ala. 147; *Guild v. Thomas,* 54 Ala. 414; *Smith v. Kirkland,* MSS.

When this bond was taken, the coroner of Etowah was the acting sheriff. He it was who took and approved the bail bond. It is, at least, a bad practice for any officer of the law to become surety on a bond it is his official duty to approve. If there was any agreement that he should become surety, he must have made that agreement, and hence had knowledge it had been made. If the bond is correctly copied in the record, there was a time when his name was signed to the bond. He appears as the third in the order of the signatures. Three names—three of the four who pleaded in this case—are signed below, and presumably after his signature, as the same appears to us. If, when those three signed, his name, unerased, appeared as one of the sureties, it is difficult to reconcile its subsequent erasure with good faith, on his part, towards them as his co-sureties; and, as an official act, it was certainly reprehensible.

Another reflection. Having Poe, the prisoner, in custody

for a bailable offense, it was his duty to keep him until he executed a good and sufficient bail bond, for his appearance to answer to the charge preferred against him. If he gave him his liberty without a bond which reasonably appeared to be valid and sufficient, and if Poe failed to make his appearance, it might present a grave inquiry whether he was not guilty of, at least, a negligent escape.

It is not our intention, in what we have said, to pronounce unqualified judgment on the conduct of the officer. We do intend, however, to express unqualified disapprobation of the course pursued, if the averments of the plea are true.

Reversed and remanded.