# Smith, Stewart & Co. *v.* Kirkland *et al.*

## *Action on Bond.*

1. *Conditional delivery of bond as escrow.*—In an action on a penal bond, it is a good defense, that the defendant signed the instrument as surety for the principal obligor, and intrusted it to him as an escrow, with authority to deliver it only on condition that certain other named persons also signed it as sureties, and that it was delivered without their signatures, in violation of this condition ; but this principle does not apply to commercial paper in the hands of a *bona fide* holder for value, who acquired it before maturity, and without notice of the condition ; and if the surety, having notice or knowledge of the delivery, suffers the prin-

[Smith, Stewart & Co. v. Kirkland ]

cipal to act under it, to the prejudice of the obligee, he will be held to have waived the condition, and will be estopped from setting up the defense.

2. *Departure*.—In an action on such bond, the plea averring delivery as an escrow and breach of the condition, a replication alleging that the defendant signed the writing on the false representation that it was not a bond, but a mere recommendation, is a departure from the complaint, and repugnant to its averments.

3. *Fraud in procuring signature to bond by surety*.—When a surety to a penal bond is induced to sign his name by the fraudulent representation of the principal obligor that it is only a recommendation to keep him in business as a commercial drummer, or other like fraudulent representation as to the character and contents of the instrument; this constitutes, *perhaps*, a defense to the surety against an action on the bond, but the question is left undecided.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN M. CHILTON.

The appellants, Smith, Stewart & Co., tobacco merchants of Lynchburg, Virginia, brought suit against J. Y. Crawford, Levi Kirkland, and W. S. Oats, for the breach of the condition of a bond, alleged to have been made by them, dated February 12, 1885, and payable to plaintiffs in the sum of $1,000.00, with condition, that if said J. Y. Crawford should faithfully pay over to appellants whatever sums they might advance to him or he might collect as their traveling salesman or drummer, then the bond to be void, otherwise to remain in full force and effect.

W. S. Oats filed a plea of *non est factum*. Levi Kirkland filed a plea alleging, "that at the time he signed said bond, and before he signed his name thereto, said Crawford informed him, that W. S. Oats, W. C. Koonce, and R. H. Walker were to sign the same, and upon this information and upon the condition, that said other parties should sign the same, he signed said instrument, but did not deliver said instrument to plaintiffs, but delivered it to said Crawford to become an instrument executed by defendant *only on condition* that the same should be executed by said other parties and then delivered to plaintiffs ; and that said Koonce and Walker never signed and executed said instrument, and said Crawford, without authority from, or consent of defendant, (Kirkland), " delivered the same to plaintiffs as defendant's deed."

To this plea, the plaintiffs filed a replication, averring, "that the representations made by said Crawford with respect to the intended signing of the instrument by said other named parties, as set out in said plea, were, if made by him, made to said Kirkland in respect to said instrument as a mere *letter of recommendation*, and that said Kirkland signed the same, if signed, upon such representations, un-

[Smith, Stewart & Co. v. Kirkland.]

derstanding that it was a *letter of recommendation* merely, and that the said parties named in the plea were to sign the letter of *recommendation.*"

The said Kirkland demurred to this replication on the following grounds: 1. That it was a departure from the cause of action stated in the complaint. 2. That plaintiffs, having sued upon the instrument as a bond, were *estopped* from setting up that defendant signed it as a letter of recommendation. 3. That the matter alleged in said replication is entirely insufficient in law as matter in avoidance of defendant's plea and wholly immaterial and irrelevant. 4, 5 and 6. That said replication does not confess the matters alleged in said plea, but traverses the same. The court sustained this demurrer.

The plaintiffs then read in evidence the said bond, and introduced testimony, tending to show a money liability thereunder to them, arising from the breach thereof.

The defendant, Kirkland, testified in his own behalf, that he was a farmer and merchant and could write and read writing; that the defendant, Crawford, came to his house and asked him to sign a *letter of recommendation* to enable him to keep his territory as a commercial drummer or salesman, and exhibited to him the bond sued upon; that he took it but could not read it, and told Crawford that he could not read it, and Crawford replied, "it was not necessary to read it, as it was nothing but a recommendation for him by which he could keep his territory as a salesman, and that Oats, Koonce and Walker, and other parties, were going to sign it;" that he then signed it and gave it back to Crawford, to be delivered only upon condition that said Oats, Koonce and Walker should sign it; that he signed the instrument, believing it to be a letter of recommendation, and would not have signed it upon any condition, had he known it was a bond.

It was then proven, that the name of W. S. Oats was signed to the bond without his knowledge or consent, and that neither Walker nor Koonce signed the bond.

This being all the material evidence in the case, the plaintiffs asked the following charges in writing:

"1. If the jury believe the evidence, they must find for the plaintiffs as to the defendants, Crawford and Kirkland."

"2. If Kirkland signed the paper, relying upon Crawford's representation as to its character, 'that it was a letter of recommendation,' or, 'a paper to keep him his territory as a drummer,' he is bound by the instrument as a bond, and he is not entitled to exemption from liability thereunder because Crawford failed to procure the signa-

tures thereto of the other named parties, according to his promise so to do—although Kirkland signed the paper, thinking it was such an instrument as Crawford represented, on the condition that such other named parties should sign it." The court refused each of these charges separately and the plaintiffs excepted to the refusal of each charge. The court gave the following charge on the request in writing of defendant, Kirkland:

"If the jury believe from the evidence, that defendant Crawford requested defendant Kirkland to sign the identical bond upon which this suit is founded, and told him that Oats, Koonce and Walker were to sign it before it was to be used or delivered, and said Kirkland signed said instrument with that agreement, and that neither Oats, Koonce nor Walker signed said instrument, and that said Crawford told him that the instrument was a letter of recommendation to get him into business or enable him to retain a certain territory as a commercial drummer, and that said Kirkland would not have signed the instrument except upon condition that Oats, Koonce and Walker should sign it, then, although the instrument was not read by Kirkland, the jury should find for defendant, Kirkland, unless they further find from the evidence, that Kirkland, by subsequent acts, ratified and acknowledged the said instrument as his valid act and deed." The plaintiffs excepted to the giving of this charge. The jury found a verdict against Crawford for $817.00 and in favor of defendants, Oats and Kirkland. The errors assigned are the refusal of the charges asked by plaintiffs, and the giving the charge asked by defendant Kirkland. One of the charges raises in effect the same point as that settled by the court in the ruling on the demurrer to the replication.

BLACKWELL & CASSIDY, and ROQUEMORE, WHITE & LONG, for appellants.—There are three well known principles of law, each of which is of easy application when applied to certain of the facts, but we find more difficulty when the application is to the whole of the facts—because the principles invoked arise out of, and are applicable to, facts more or less antagonistic in their nature, and which scarcely ever arise in the same transaction. These principles may be stated thus: 1. A person signing a bond as a surety and leaving it with the principal obligor to be delivered only on condition that other parties are to sign it as sureties, will be protected from liability for its breach, if it is delivered in violation of such condition.—*Lovett v. Adams,* 3 Wend. 380; *Guild v. Thomas,* 54 Ala. 414, and authorities there cited. 2. A person signing a letter of recommend-

ation, containing actionable misrepresentations, will not be protected from liability to the party injured, because, when signing, he stipulated that it should be delivered only after other parties had signed it. 3. A person who can read and write, who signs a written contract without informing himself of its character, will not be heard to say that he was ignorant of its provisions, unless he can show that fraud was practiced upon him by some one upon whom he had the right to rely.— *Goetter, Weil & Co. v. Pickett*, 61 Ala. 387. In this case the facts of the transaction do not bring it under the direction or influence of either one of these principles alone; but they are such that each of the principles have their bearing, and the difficulty of application arises from the fact, that to give one principle its full operation, the operation of the others is restricted or interfered with. The facts show that Kirkland signed a paper which was in fact a bond of indemnity; that he was led to believe by Crawford that it was a letter of recommendation; believing this, he neglected to correctly inform himself; that he signed the paper with condition that it should be, before delivery, signed by others, but that he would not have signed it had he known of its real character; that the paper was delivered without the signatures of such other persons. Now we find that Kirkland's negligence prevents him from setting up his want of knowledge as a defense, under the principle in statement 3; then can he in reply say, that he is covered by the conditions as named in statement 2, and relieved of liability under the rule named in statement 1. We think the circuit court erred in so holding. The appellants charge the execution and delivery of a bond. The appellee replies, that he signed the paper in ignorance of its true character; to which appellants reply, that was your negligence and will not relieve you. Appellee then says, I conditioned the delivery of the paper, to which appellants reply, the conditions imposed were not intended to apply to the paper as a bond, but were made to refer to a letter of recommendation, and to that character of instrument they will not apply. Will the law give the appellee a relief that he never contracted for? Will it compel the obligees in bonds of the kind of this one, to inquire whether the principal obligor has deceived his co-obligors into signing with him by misrepresenting its true character? Will it take a careless and negligent surety who signs a bond and shield him from liability, because he provided in his carelessness for certain conditions that were never intended to apply to the contract that he actually signed? Carelessness or negligence very often fixes liabilities upon parties. This is the first instance that we know of, where it has been

invoked for protection or relief from liability. Appellee asks that the court will apply certain conditions differently from what he intended them. He intended them to apply to a letter. He now desires them applied to a bond contract. The appellee, Kirkland, stands in this case in precisely the attitude that he would, had he agreed to sign Crawford's bond, knowing its true character, on condition that Oats and Koonce would sign a letter of recommendation. Nothing more can be got out of it. To so hold will be to give each principle invoked its true operation and give the defendant all he contracted for, and nothing more. To hold differently, will be to change defendant's conditions, made in reckless ignorance of the fact, into the dignity and worth of stipulations of a contract.

OATES & COWAN, *contra.*—The condition on which the delivery of the bond was authorized by appellee, was not performed, and as to him, there was no valid delivery, and no liability imposed.—*Linn Co. v. Farris,* 52 Mo. 75 ; 14 Am. Rep. 389 ; *The People v. Bostwick,* 43 Barbour, 9 ; *Perry v. Patterson,* 5 Humphrey, Tenn., 133 ; *Pawling and others v. The United States,* 4 Cranch, 219 ; *Clements, Adm'r, v. Hood,* 57 Ala. 459. A bond may be delivered conditionally to a co-obligor, and will not be operative as the deed of the party until the condition is performed.—*Bibb, Judge v. Reid & Hoyt,* 3 Ala. 88 ; *Fireman's Ins. Co. v. McMillan,* 29 Ala. 147.

The fact that Kirkland signed the instrument and annexed a condition to its delivery, in the belief that it was a recommendation, is no reply to his plea of non-compliance with the condition. The appellants took the instrument *cum onere.* "*Qui sentit commodum, sentire debet et onus.*"—Broom's Legal Maxims, 4 Ed., 449.

SOMERVILLE, J.— It has been long settled in this State, by a line of decisions which seem to be supported by the weight of authority, that it is a good defense to an action on a bond that a defendant, who is a surety, intrusted the bond to the principal obligor as an *escrow,* with authority to deliver it only on the express condition that other named persons should join as sureties in its execution prior to such delivery, and that the instrument was delivered to the obligee in violation of this condition.— *Guild v. Thomas,* 54 Ala. 414, and authorities there cited ; *Bibb v. Reid,* 3 Ala. 88. There are two established modifications of this rule : (1). It does not apply to commercial paper which has come into the hands of a *bona fide* purchaser before maturity, who is without notice of the condition.—*Marks v.*

*First National Bank*, 79 Ala. 550; 1 Daniel Neg. Instruments, 3d Ed., §§ 855, 856. (2). It does not apply where the surety, having knowledge or notice of the delivery of the bond, suffers the principal to act under it to the prejudice of the obligee, so as to waive the condition, and thus estop the surety from insisting on the defense.— *Wright v. Lang*, 66 Ala. 389.

The defendant Kirkland's plea constituted, under this principle, a good defense to the action, if the jury believed the evidence in support of it, apart from the issue raised by the plaintiff's replication to this plea.

2. The main question arises on the sufficiency of this replication—the same question. being also raised by one of the charges refused by the court—which in substance avers that the defendant signed the instrument upon the false representation of the principal obligor, Crawford, that it was a mere *recommendation*, and not a bond. A sufficient answer to this is that the plaintiffs have declared upon the paper as a bond, and can recover on it only as such. Their right to recovery is necessarily based upon the theory, that the defendant executed a bond, and not a recommendation. They do not sue upon it as a recommendation, which would either impose no liability, or else one of an entirely different nature, resting on different principles of law. The plaintiffs are, therefore, estopped from averring the fact set up in the replication, which is not only a departure from the original cause of action, but repugnant to the averments of the complaint.

3. Perhaps the replication to the plea would be bad upon another ground—that is, in setting up a fact which shows fraud in the execution of the bond. The defendant never made the contract declared on, because its contents were fraudulently misrepresented to him. He was told and believed he was signing one thing, while in truth and fact he was signing another, and entirely different thing, so that, as said in *Foster v. McKennon* (Law Rep.), 4 Com. Pl., 704, "his mind never went with the act."—*Burroughs v. The Pacific Guano Co.*, present term, in MSS. The case is distinguishable from that of one who has been induced by fraud to sign an instrument the contents of which he knew. *Putnam v. Sullivan*, 4 Mass. 45; s. c. 3 Amer. Dec., 206; *Schuylkill County v. Copley*, 67 Penn. St., 386; s. c. 5 Amer. Rep. 441; *Foster v. Johnson*, 70 Ala. 249; *Swift v. Fitzhugh*, 9 Por. 39; *Vance v. Lary*, 5 Ala. 370. While in the former case there is a contract voluntarily entered into by fraudulent inducement, in the latter, the paper signed is not at all the deed or contract of the party signing. There is here

no question arising of an innocent holder for value of commercial paper, as in the case of *Marks v. First National Bank, supra.* There, too, the surety intended to sign the very paper to which he attached his signature, his assent thereto being procured by fraud. But, we leave this point undecided, so as to be open for future consideration when presented.

The demurrer to the replication was properly sustained for the first reason above assigned ; the charges are equally free from error, and the judgment is affirmed.