# Evans *v.* Daughtry *et al.*

*Petition by Surety on Guardian's Bond for Supersedeas of Execution and Discharge from Decree on Final Settlement.*

1. *Signing bond by surety, on condition.*—A surety on a guardian's bond may sign it conditionally, and leave it with his principal, to be delivered, and to become valid and operative, only if and when other persons named have also signed it as sureties; and if it is delivered by the principal without the additional signatures, the surety so signing is not bound by it, unless he has estopped himself from denying his liability, by allowing the guardian to act in that capacity under the bond, having knowledge of the abuse of confidence, or notice of facts which are the equivalent of knowledge.

APPEAL from Bullock Probate Court.

Heard before Hon. S. F. FRAZER.

W. F. FOSTER, for appellant.

NORMAN & SON, *contra.*

STONE, C. J.—There is no conflict in the testimony in this case. It fully proves that Evans signed the bond conditionally, and left it with Raney, his principal, with the understanding and instruction, that he was not to become a surety on the bond, unless Pearson and Scott became co-sureties with him. In other words, it was left with him as an escrow. Neither Pearson nor Scott signed the bond, and it results, if there is nothing else in the transaction, that Evans is not bound as a surety on the bond.—*Bibb v. Reid,* 3 Ala. 88; *Guild v. Thomas,* 54 Ala. 414; *Marks v. First National Bank,* 79 Ala. 550; *Smith v. Kirkland,* 81 Ala. 345. The court below found, as fact, that Evans did sign on the conditions claimed.

2. It was contended in the Probate Court, and the court so ruled, that Evans, by permitting Raney to obtain the appointment of guardian on said bond, and to act under it, had estopped himself to deny his liability as surety.—*Wright v. Lang,* 66 Ala. 389, is relied on, as supporting this view. The principle is certainly sound, if the facts justify its application to this case. To make this principle applicable,

however, it must be shown that the party sought to be estopped had knowledge that his confidence had been abused, or had notice of some suggestive fact, which, if followed up, would have led to such knowledge.—*Howe v. Ashley*, 60 Ala. 496; *Burns v. Campbell*, 71 Ala. 271; *Herring v. Skaggs*, 73 Ala. 446.

The testimony in this case, if . believed, shows that Evans took prompt measures to avert any injury that might result from an improper use of his name. There is no testimony that he even knew that Raney had been appointed guardian, until shortly before the latter was brought to settlement; nor is there proof of fact or circumstance, which made it his duty to inquire. If any such facts existed, they are not proved. Under the facts, as shown in the record. Evans is entitled to have the execution so modified as to strike his name therefrom, and to be discharged from all liability as one of the sureties.

Reversed and remanded.