# Sharp *v.* Allgood.

*Action against Surety on Promissory Note.*

|100   183|
|f126  347|
|126   348|
|126   349|

1.  *Excessive judgment; effect of consent to reduce.*—Where in an action on a note showing usury on its face, defendant pleaded usury and *non est factum,* the jury found for plaintiff the full amount, with interest from maturity to trial, and judgment being rendered on the verdict, defendant moved for a new trial on the grounds that the verdict was contrary to the evidence, and that the jury ignored the plea of usury, the court, by consent of parties, reduced the amount of the judgment to the principal of the note: such consent was merely to the reduction, and did not waive the other defense.

2.  *Surety signing note on condition that it shall be signed by another.* One who signs a note on the express condition that it shall not be delivered unless another signs as co-maker is not liable to the payee taking it without knowledge of the condition, or of the forgery of the comaker's signature.

[Sharp v. Allgood.]

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

Appellee was applied to by one Thomas Stewart for a loan of money, and agreed to lend the amount, two hundred and fifty dollars, if said Stewart would give his note signed by his father, A. M. Stewart, and appellant. Thomas Stewart then applied to appellant to sign the note as surety and represented to him that his father, A. M. Stewart, would sign the note ; that he, appellant, would not be held responsible, and that two names were necessary in order to enable him to get the money. The said Thomas Stewart at the time of this conversation had the note, signed by himself, and appellant told him if he would get his, Stewart's, father to first sign the note he, appellant, would then sign it also. Later in the day Thomas Stewart returned to the appellant with the note signed by himself and, also, bearing the name of his father, A. M. Stewart, signed thereto, whereupon appellant signed it. Appellee was not present during either of these conversations and transactions. It afterwards developed that A. M. Stewart did not sign the note, that his name was signed to it without his authority and that he had never ratified the same. On the contrary he was sued on the note prior to this action and successfully defended the suit under his plea of *non est factum*, and the record of that suit was offered in evidence by appellant on the trial of this case. Appellee loaned the money on the note without notice of the forgery and of the condition on which it was signed.

Upon the introduction of all the evidence, the court, among other things, instructed the jury as follows : "That if they found from the evidence that the plaintiff was not present when the note was made and signed, and had no notice that the note received of Thomas Stewart was not signed by the surety, A. M. Stewart, as it purported on its face to be, at the time of delivery, and if plaintiff lent Thos. Stewart the money on the faith of all the signatures thereto being genuine, that they should give a verdict for the plaintiff." The defendant duly excepted to this portion of the court's charge. At the request of the plaintiff, the court gave the following written charge to the jury : "Unless the proof shows that the plaintiff knew of the fraud by which A. M. Stewart's name was signed to the note, if the jury find that the name was forged, then the plaintiff will be entitled to a verdict." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges as asked : (1) "That if they believe the evidence they must find for the defend-

ant;" (2) "that, if they believe from the evidence that defendant signed the note as surety upon the understanding and condition with Thomas Stewart that A. M. Stewart was also to sign the note as surety, they must find for defendant;" (3) "that if they believe A. M. Stewart did not sign the note sued on, and that defendant signed the note upon condition. that before its delivery A. M. Stewart was to sign or had signed it, then they must find for defendant."

The jury rendered a verdict for the plaintiff for the principal of the note and interest at the rate of 12½ per cent. per annum.   The defendant thereupon moved for a new trial the proceedings, on which, sufficiently appear from the opinion of the court.

Cooke & Cooke, for the appellant.

Caldwell & Johnston, for the appellee.

STONE, C. J.—It is contended for appellee that, even if the Circuit Court erred in the charges given and excepted to on the trial of this case, that error was healed by the ruling of the court, four days later, on the motion for a new trial.   There had been two pleas interposed, usury, and a special plea of *non est factum*.   The plea of usury was unquestionably sustained.   The note sued on showed on its face that interest was to be paid at the rate of 12½ per cent.   Notwithstanding this, the jury allowed to the plaintiff interest on the note from its maturity up to the trial. The defendant moved for a new trial on two grounds : First, "that the verdict is contrary to the evidence," and second, "that the jury ignored the plea of usury which was proven by the note itself on which the suit was brought, and allowed interest on the note, which is included in the verdict." Passing on this motion, the Circuit Court entered the following judgment:   "Came the parties by attorney, and by consent of parties the judgment heretofore rendered in this case is hereby reduced to two hundred and eighteen and 75-100 dollars, and the plaintiff is taxed with all the costs of the suit."   This sum, $218.75-100, is the sum of the unpaid principal of the note sued on.   The contention is that this corrected judgment, entered by consent, cured any errors that may have been committed on the trial; or rather, was a consent to waive them.   We do not so understand, or interpret the record.   The consent was not that the judgment might be rendered.   It was that it might be reduced.   The jury by their verdict had given to plaintiff

[Sharp v. Allgood.]

$393.38–100. Because of this excessive amount a new trial was moved for. The amended judgment clearly implies that but for the reduction of the recovery a new trial would have been granted. The presiding judge had no power to compel the plaintiff to remit a part of the verdict. He exhausted his power when he announced that he would grant a new trial, unless the plaintiff made such remission. The record justifies the inference that this is precisely what the court announced would be done, and that thereupon counsel consented to remit, and did remit all over the principal of the note. We hold that this remission, or reduction of the amount of the recovery is what the parties consented to, and that it was in no sense a waiver of the other defense relied on.

The other line of defense is made good, if the jury believed the testimony. All the testimony bearing on the question was to the effect that Sharp, if liable at all, was only a surety of Thomas Stewart, the principal debtor. He refused to sign the note, unless A. M. Stewart would also sign as surety. On no other terms was Thomas Stewart authorized to use the paper. A. M. Stewart's name was attached to the paper as a co-maker, but there was testimony tending to show that his, the said A. M. Stewart's name, was placed there without his act or authority. Being sued on the paper he had successfully defended the suit on a plea of *non est factum*. If the jury believed Sharp's account of the transaction, and that he signed the note and consented to be bound only on the condition that A. M. Stewart would become a co-maker, and if they further found that A. M. Stewart's name was placed there without his authority or ratification, then this was and is a defense for Sharp in the present action. And it is no answer to this defense that Allgood was not informed of this condition anterior to his acceptance of the paper. The authorities hold that it was his duty to inform himself of the genuineness and binding obligation of the signatures, before accepting and acting on them.—*Bibb v. Reid & Hoyt*, 3 Ala. 88; *Robertson v. Coker*, 11 Ala. 466; *Firemen's Ins. Co. v. McMillan*, 29 Ala. 147; *Guild v. Thomas*, 54 Ala. 414; *King v. State*, 81 Ala. 92; *Smith v. Kirkland, Ib.* 345; *Marks v. First National Bank*, 79 Ala. 550; *Evans v. Daughtry*, 84 Ala. 68; *Campbell v. Larmore, Ib.* 499; *State Bank v. Evans*, 15 N. J. Law (3 Green.) 155; *Pawling v. United States*, 4 Cranch, 219; *Linn County v. Farris*, 52 Mo. 75; *Ayres v. Milroy*, 53 Mo. 516; *Lovett v. Adams*, 3 Wend. 380; *Bronson v. Noyes*, 7 Wend. 188; *Pepper v. State*, 22 Ind. 399; *People v. Bostwick*, 47 Barb. 9; *Perry v. Patterson*, 5 Hump. 133.

[McNamara et al. v. Logan.]

Several of the charges given and excepted to are not reconcilable with these principles.

Reversed and remanded.