(100 South. 764)

### McCONNON & CO. v. KIRBY et al.
### (8 Div. 622.)

(Supreme Court of Alabama. June 12, 1924.)

**1. Guaranty ⬥1—Relation between signers of bond and debtor not signing held to be of principal and surety.**

Where guaranty bond was given to establish credit for certain person, relation between him and signers of bond was that of principal and surety, though debtor did not sign.

**2. Guaranty ⬥89—Plea of non est factum to guaranty bond putting signatures in issue held to put burden of proof on plaintiff.**

In action on guaranty bond, plea of non est factum, amounting to limited plea, putting in issue only the signatures, placed on plaintiff burden of proof that it was signed by makers or some authorized person.

**3. Guaranty ⬥10—Signature necessary part of bond.**

Signature is necessary part of execution of guaranty bond.

**4. Contracts ⬥42—Nonnegotiable instrument to be delivered to obligee only on securing signature, not complete until signature is secured.**

Where nonnegotiable instrument, signed by certain obligors, is given to co-obligor or some other person, to be delivered only on obtaining the signature of another person, it is not a completed contract until such signature is obtained, and obligee is required at his peril to ascertain scope of powers of agent.

**5. Evidence ⬥441(10) — Plea that guaranty bond was delivered before signed by necessary party not demurrable as setting parol evidence to contradict it.**

In action on guaranty bond, plea that principal had agreed with sureties, before delivering it to obligee, to secure signature of another surety, whose signature was not secured, was not demurrable as setting up parol evidence to vary or contradict the bond.

**6. Guaranty ⬥21—Stipulations in bond held not waiver of condition of sureties that bond was not binding until signed by another surety.**

Stipulations in a guaranty bond that there were no conditions or limitations, except those contained therein, applied to conditions and limitations going to effect of bond as such when executed, and did not waive condition made by the sureties that they were not to be bound until signature of another surety was secured.

**7. Guaranty ⬥86—Surety alleging signature was conditional on securing another surety, need not allege obligee consented to condition.**

In action on guaranty bond in which sureties pleaded that they signed it on condition that it should not be binding until signature of another surety was secured, which was not done, plea need not allege that obligee had notice of conditional delivery or consented thereto.

**8. Pleading ⬥207—Special demurrer showing defect in plea of agreement between obligors for conditional delivery, necessary.**

In action on guaranty bond, if plea that there was agreement between sureties that, before delivery to obligee, signature of another surety should be secured, which was not done, did not sufficiently show who was to hold bond and obtain other signature, special demurrer pointing out defect was necessary.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action on guaranty bond by McConnon & Co. against E. U. Kirby, J. A. Brown, M. F. Wilkes, and W. P. Bowman. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Affirmed.

The instrument sued on is as follows:

"For and in consideration of one dollar, to us in hand paid by McConnon & Co., the re-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

·ceipt whereof is hereby acknowledged, we, the undersigned sureties, hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minnesota, of an indebtedness to McConnon & Co. incurred by J. H. Ott of Round Mountain, state of Alabama, due on the date hereof, the amount of which is $570.15, H.· J. Mc., and also any indebtedness to the said McConnon & Co. hereafter incurred by or for him, by reason of the sale of goods, wares and merchandise, to him, from time to time, by the said McConnon & Co., regardless of his ability or willingness to pay and we hereby waive notice of any default by the said J. H. Ott and consent to any extensions by McConnon & Co. of time of payment by him.

"This undertaking shall be an open one and shall so continue at all ¸times without respect to residence or location of business of the said J. H. Ott until revoked in writing by us, the undersigned sureties, notice of revocation to be served on the said McConnon & Co. at its office in Winona, Minnesota.

"It is understood that there are no conditions or limitations to this undertaking, except those written or printed hereon, at the date hereof, and that after execution no alteration, change or modification hereto shall be binding or effective, unless executed in writing signed by ourselves and McConnon & Co. under the corporate seal of said company.

"In witness whereof, we hereunto set our hands and seals at Winona, Minnesota, this 7th day of February, 1917."

The complaint avers an indebtedness due by Ott for goods, etc., sold to him, and failure of Ott and defendants to pay.

Defendants' pleas 3, 4, and 5 are as follows:

"3. That said defendants and each of them, separately and severally, say that they did not execute the instrument upon which this suit is founded, nor did they authorize any one else to sign same for them, so as to bind them in the premises.

"4. These defendants say that they signed said bond or instrument sued on with distinct understanding with the principal, J. H. Ott, that said bond or contract should not be delivered to the plaintiff until signed by Will Cordell, whose name the said Ott agreed to have affixed to said contract or bond before it was delivered to the plaintiff.

"5. That these defendants should not be held and bound under this bond or contract of guaranty, because of this: That at the time they signed the same, it was agreed by and between these defendants that before the delivery of same to the plaintiff the name of Will Cordell would be secured by the said J. H. Ott, the principal, and they aver that said bond was delivered in violation of said agreement, and, hence, they should not be bound thereby."

Proctor & Snodgrass, of Scottsboro, for appellant.

It was error to overrule demurrers to defendants' pleas. W. T. Rawleigh Co. v. Walker, 16 Ala. App. 232, 77 South. 70; Furst & Thompson ˙v. Sandlin, 208 Ala. 490, 94 South. 740; W. T. Rawleigh Co. v. Dea-

vours, 209 Ala. 127, 95 South. 459; Farrell v. Farrell, 47 Minn. 11, 49 N. W. 303; Berkey v. Judd, 34 Minn. 393, 26 N. W. 5; Board, etc., v. Robinson, 81 Minn. 305, 84 N. W. 105, 83 Am. St. Rep. 374; Clarke v. Williams, 61 Minn. 12, 62 N. W. 1125; J. R. Watkins Co. v. Hargett, 209 Ala. 165, 95 South. 811; White Sew. Mch. Co. v. Saxon, 121 Ala.˙ 399, 25 South. 784.

Isbell & Scott, of Ft. Payne, for appellees.

The pleas were sufficient. W. T. Rawleigh Co. v. Wilson, 7 Ala. App. 242, 60 South. 1001; Smith v. Kirkland, 81 Ala. 350, 1 South. 276; Guild v. Thomas, 54 Ala. 414, 25 Am. Rep. 703; Bibb v. Reed, 3 Ala. 88.

BOULDIN, J. [1] The suit is upon a guaranty bond given by defendants to secure a present indebtedness and establish a line of credit for one J. H. Ott. Ott is not one of the obligors or makers of the bond, but the party to whom the consideration moved. For the purposes before us, the relation between him and defendants was that of principal and surety. The questions here presented relate to the sufficiency of special pleas 3, 4, and 5, as against the grounds of demurrer assigned thereto.

[2, 3] Plea No. 3 is a general plea of non est factum, except it avers, in the alternative, that no one else was authorized to "sign" for defendants. The usual alternative is "by any one authorized to bind" the defendants. Civil Code 1907, p. 1201, form 33. The signature is a necessary part of the execution of the bond. Construed most strongly against the pleader, it may be regarded as a limited plea putting in issue only the signatures to the paper. The plea would be met by proof that it was signed by the makers or some one authorized to sign it for them, but it placed the burden of proof in that regard on plaintiff. If the facts averred are true, the defendants could not be bound.

[4] Plea No. 4 sets up a conditional delivery. An instrument, other than negotiable paper, signed by certain obligors, and placed in the hands of a co-obligor or other person, to be delivered to the obligee only upon obtaining the signature of another named person as co-obligor, does not become a completed contract until the signature of such other person is obtained. The paper is treated as an escrow in the hands of an agent, with power to deliver when completed. The obligee is required at his peril to ascertain the scope of the powers of the agent.

This rule has often been attacked in Alabama on the ground that the surety, who intrusts to the principal the delivery of a paper complete on its face, clothes a party of known interest in the transaction, and whose fidelity he is insuring, with such apparent authority that the surety should be bound in the absence of notice to the obligee of the limited author-

ity of the principal. Our cases have admitted the force of the argument, but have pointed out that the obligee must in all cases ascertain whether the paper offered is genuine; that a mere surety should not be held to a contract he did not in fact make. It may be added that a bond to be signed by numerous persons must be intrusted to some one to procure the other signatures, unless all shall give the time and trouble required to see to it that all have joined in a transaction solely for the benefit of others.

Whether we may regard the one rule or the other as supported by the sounder reason, the Alabama rule has been the established law of the state from its early history. It is a law of contracts probably applied daily in business affairs. If there should be a change, it must come by legislation. White Sewing Machine Co. v. Saxon, 121 Ala. 399, 25 South. 784; Sharp v. Allgood, 100 Ala. 183, 14 South. 16; Evans v. Daughtry, 84 Ala. 68, 4 South. 592; King v. State, 81 Ala. 92, 8 South. 159; Smith v. Kirkland, 81 Ala. 345, 1 South. 276; Marks v. First National Bank, 79 Ala. 550, 58 Am. Rep. 620; Guild v. Thomas, 54 Ala. 414, 25 Am. Rep. 703; Firemen's Ins. Co. v. McMillan, 29 Ala. 147; Robertson v. Coker, 11 Ala. 466; Bibb v. Reed, 3 Ala. 88.

[5] The plea is not demurrable because it sets up parol evidence to vary or contradict the terms of a valid written instrument. The evidence goes to the point that there is no valid instrument, that it never became a contract by lawful delivery.

[6] The point is made that this rule is infracted because of the terms of the bond signed by defendants. The bond stipulates:

"It is understood that there are no conditions or limitations to this undertaking, except those written or printed thereon, at the date hereof, and that after execution, no alteration, change or modification hereto shall be binding," unless in writing, etc.

No reason occurs to the writer why the escrow agreement may not appear in the face of the bond signed. If the obligors, over their signatures, expressly define the powers of the agent to whom it is intrusted, such stipulation would seem to be a severable and separate agreement from the bond. Thus, if it was written, "This bond is now complete and ready for delivery without the signature of any other person," we see no reason why this would not constitute such escrow agreement in writing that would authorize delivery, and shut out parol evidence to the contrary. The writer in this, speaks for himself alone.

However, in White Sewing Machine Co. v. Saxon, 121 Ala. 399, 25 South. 784, such express stipulation in the strongest terms was held to be a part of the bond itself, and could not become binding until the bond was fully signed as per the condition resting in parol.

We need not here decide whether the above case should be followed on the point in question.

The stipulation in the bond before us makes no specific reference to conditions precedent. Taken as a whole, it rather implies conditions and limitations going to the effect of the bond as such when executed. It cannot be regarded as an escrow or agency agreement relating to delivery, nor as a waiver of the condition upon which the signatures of defendants were obtained.

[7] The several grounds of demurrer raising the point that the plea must show the obligee had notice of the conditional delivery, or consented thereto in person or by agent, are manifestly not well taken.

The question is not whether the obligee is bound by the condition, but whether the obligors are bound by the bond. The entire doctrine rests upon the proposition that no contract ever came into existence.

[8] Plea No. 5 is in substance the same as plea No. 4, except that it alleges the agreement for conditional delivery was made between the obligors, and does not show that Ott was a party thereto. The custody of the paper pending the signature of Cordell could be committed to any obligor or other person save the obligee. Whoever held it, subject to such instructions, was without authority to make it effective until the condition was complied with. If the plea not sufficiently show who was to hold it and obtain the signature of Cordell, a special demurrer pointing out the defect, so it could be remedied by amendment, was necessary.

The court cannot be put in error in his ruling on the grounds of demurrer assigned.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.