180 So. 272

## W. T. RAWLEIGH CO. v. WILLIAMS et al.

### 5 Div. 273.

Supreme Court of Alabama.

March 24, 1938.

Rehearing Denied April 21, 1938.

Reynolds & Reynolds, of Clanton, for appellees.

, J. B. Atkinson, of Clanton, for appellant.

KNIGHT, Justice.

This is an action on a bond purporting to have been executed to the appellant, plaintiff in the court below, by R. A. Williams and S. J. Headley, appellees, to secure the faithful performance by their alleged principal, E. P. Cooper, of the terms of a contract obligation which the latter had entered into with the appellant.

The appellees, the alleged guarantors of the principal, E. P. Cooper, defended the action on the ground that they signed the bond, which was then in the hands of said Cooper, with the understanding and agreement with Cooper that, before the bond should be delivered to the appellant, one Bob Owens should also sign the .same as a guarantor therein.

The pleas of the defendants, setting up this defense, averred that the instrument sued on was delivered by the said Cooper to the plaintiff in violation of said agreement, and without the signature of the said Bob Owens being procured and signed thereto, hence the defendants say they are not bound by said bond or undertaking.

There were numerous grounds of demurrer assigned to the defendants' said pleas, but these demurrers were overruled

by the court, and the cause then proceeded to trial upon an agreed statement of facts. The cause was tried by the court without a jury.

Among other matters, not here necessary to be stated, it was agreed: That "the defendants, R. A. Williams and S. J. Headley as sureties on the contract or bond sued on in this case are due the plaintiff the sum of Five Hundred and twenty dollars and eighty-one cents ($520.-81) and lawful interest thereon, unless the said Williams and Headley are not liable in this cause, under and by virtue of the defense set forth and averred in their special pleas numbered 3 and 4, which are hereinafter set forth and averred." Pleas 3 and 4 appear in the report of the case.

"It is further agreed that the plaintiff or any of its agents, servants, employees, directors and stockholders had any knowledge or any information at any time prior to the filing by defendants of their said special pleas 3 and 4 of the conditional signing or conditional delivery of said bond as alleged and averred by defendants in their special pleas numbered 3 and 4.

"It is further agreed that the defendants, R. A. Williams and S. J. Headley, did not have any knowledge or notice prior to the filing of the suit in this cause that said bond had been delivered by E. P. Cooper to the plaintiff without the signature of Bob Owens thereon, and in breach of the conditions, representation of Cooper to them, and their instructions to, and their understanding with, Cooper at the time of signing of said bond that Bob Owens' name would by obtained by Cooper on said bond as a surety, and that neither Williams or Headley knew or had any knowledge or information prior to the time of the filing the suit in this cause, that said bond had been delivered to plaintiff without the name of Bob Owens thereon as a surety."

■ The demurrers to pleas 3 and 4, as interposed by both defendants, Williams, and Headley, were overruled without error. Each of said pleas presented a valid defense to the action.

■■ These defendants were under no obligation whatsoever, either to Cooper, the intended principal, or to the plaintiff, to execute the bond. In these circumstances, it was within their unquestioned right to impose such conditions as they saw proper. Their signatures to the bond or contract were wholly a matter of accommodation for their principal, and they could determine for themselves upon what conditions they would undertake the gratuitous, self-imposed burden. With them the "whole matter was at large," and the principal obligor in making delivery of the bond was bound to observe the conditions upon which he was authorized to make the delivery; and the obligee of the bond was charged with notice of the limitation placed by the sureties upon the authority of their agent, the said Cooper, in delivering the bond. Guild, Register, etc., v. Thomas, 54 Ala. 414, 25 Am.Rep. 703; White Sewing Machine Co. v. Saxon et al., 121 Ala. 399, 25 So. 784, 787; McConnon & Co. v. Kirby, 211 Ala. 440, 100 So. 764, 765; Birmingham News Company v. Moseley, 225 Ala. 45, 141 So. 689; O'Neal et al. v. Turner, County Treasurer, 230 Ala. 24, 158 So. 801.

■ The provision in the contract, viz., "It is mutually agreed that this contract is conclusive and binding upon the party or parties who sign it, whether it is signed by any other party or parties or not, and that any statement or representations made to any of the undersigned sureties by any persons either as to who or how many parties will sign this surety agreement or as to any other matters not fully expressed herein shall not affect the rights of the seller," cannot serve to change or alter the rule above announced. This must follow for the very obvious reason that the contract, nor any provision thereof, could bind the surety, or make it the contract of the surety until it, the contract, had been "validly" delivered. This could not be done in any event until the condition for its effective delivery had first been met. The precise question here presented was held adversely to the contention of appellant in the case of White Sewing Machine Co. v. Saxon et al., supra, where it was observed concerning a similar provision: "This stipulation itself therefore never became binding on Richardson or Miller. It was not their stipulation; it was not their contract. They made no contract with the plaintiff."

The pleas presented a good defense to the action, and the evidence, as agreed upon by the parties, fully sustained their averments, and the court, accordingly, properly rendered judgment for the defendants.

It follows, therefore, that the judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.