## Vastbinder v. Metcalf.

1. A writing purporting to contain the terms of a contract, but which the parties never executed by signing, cannot be read as evidence of the contract between the parties.
2. A witness may look at a memorandum which he has made of facts, for the purpose of refreshing his memory, but must afterwards be able to swear from his recollection of the facts, distinct from the memorandum.

Error to Baldwin Circuit Court.

THIS was an action of trespass on the case brought by the plaintiff in error against the defendant in error. The declaration contains two counts; first, for the use and occupation of land; and secondly, the common count for work and labor and merchandize sold and delivered. The defendant pleaded the general issue, with leave to give special matter in evidence.— This and another cause between the same parties, being consolidated, the jury found a verdict for the plaintiff for nominal damages, upon which a judgment was rendered.

A bill of exceptions taken during the trial of the cause, at the instance of the plaintiff, discloses that the plaintiff to maintain the issue on his part, offered evidence of the leasing and occupation of the premises, the value thereof, &c. and the defendant offered in evidence an instrument of writing, purporting to be made between the plaintiff and defendant, by which the former agreed to lease to the latter a saw mill for one year; to give the defendant the use of two slaves, &c. for the sum of eighty dollars in hand paid, but which was not signed by the parties, but was proved by the person who wrote it, to be the agreement under which the leasing was made. To the introduction of this paper, the plaintiff objected, but the Court permitted it to be read to the jury. The Court charged the jury, the writing was in evidence before them, and that the hiring of the slaves by the year, was an entire contract, and that if the slaves had been withdrawn from the service of the defendant, by the fault of the plaintiff, for half the year, the plaintiff could not recover; to which charge the plaintiff excepted.

The plaintiff prosecutes this writ of error, and assigns for error,

1. Permitting the writing to go to the jury as evidence.

2. In the charge given to the jury.

B. F. PORTER, for plaintiff in error, cited Chitty on Contracts, 8; 3 Johns. Rep. 534; 7 ib. 470: 12 ib. 470; 4 Wheaton, 425; 1 Sumner, 218; 1 Ala. Rep. N. S. 423.

ORMOND, J.—The bill of exceptions is so vague and uncertain, that it is difficult to say what point was intended to be presented in this Court. It is clear, however, that the Court erred in permitting the written memorandum of the contract to go to the jury as evidence. It is obviously an unfinished contract of the parties, which as it was never executed by either, is not binding on either, and was, therefore, no evidence of the contract between the parties.

A witness who has made a memorandum of facts, may refresh his memory by referring to it; and if by that means he obtains a recollection of the facts themselves, as distinct from the memorandum, his statement is evidence. 1 Starkie on Ev. 127. For this purpose only, could this paper have been looked to by the witness, but it was not evidence for any purpose whatever, to go before the jury.

The charge of the Court in reference to the slaves, as an abstract legal proposition, is correct; and unless the contrary be shown, we must presume that the evidence authorised the charge to be given.

For the error of the Court in permitting the unfinished contract to be given in evidence to the jury, the judgment must be reversed, and the cause remanded.