## ADAMS *vs.* OLIVE ET AL.

[ACTION ON ATTACHMENT BOND.]

1. *Allowance of challenge to juror in civil case, after acceptance; when not erroneous.*—The allowance of a challenge of a juror, before the jury is completed, to a party who has not exhausted his challenges, is not error, notwithstanding the party had hastily expressed himself satisfied with the juror challenged.

2. *Variance; what is not, in suit on attachment bond.*—In a suit for damages brought on an attachment bond, the record of the proceedings in the attachment suit is not inadmissible on the ground of variance, because the defendant is sued as James Olive, and the record shows that the bond was signed by James A. Olive. A man can not have two christian names in law.

3. *Attachment bond, &c. ; how may be proved.*—While, in such a suit, the plaintiff may offer the original bond in evidence, he need not do so, otherwise than by introducing the final record of the attachment suit. The defendant, if he executed the bond, is precluded from disputing its existence or genuineness by the record.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The facts are sufficiently stated in the opinion.

PUGH & BAKER, SEALS & WOOD, and FOSTER, for appellant.

W. C. OATES, *contra.*

B. F. SAFFOLD, J.—The appeal is taken from a judgment of non-suit suffered by the plaintiff in consequence of the rulings of the court on questions of evidence chiefly.

The jury was not complete when the defendant's counsel claimed another challenge, stating that he had too hastily expressed himself satisfied with the jurors accepted by the plaintiff, and not objected to by him. He had not exhausted his challenges. There was no error in allowing the challenge. In a civil case, the permission of a peremptory challenge, though unauthorized, is not available on

error, if the cause was tried by an impartial jury.—*Tatum v. Young*, 1 Porter, 298; *Bibb, judge, &c., v. Reid & Hoyt*, 3 Ala. 88.

The suit was for the recovery of damages on an attachment bond, and was heard on the plea of the general issue, with leave to make any defense not requiring a sworn plea. The plaintiff, on the defendant's objection, was not permitted to give in evidence the record of the proceedings in the attachment suit. The only ground for this decision seems to have been that the attachment bond was executed by James A. Olive, as principal, and the suit is against James Olive. This difference of name does not constitute a variance between the pleadings and proof. A man can not have two christian names in law.—1 Tidd's Prac. m. p. 458; 1 Chit. Pl. 246; *Scott v. Soans*, 3 East, 111. The record was important evidence for the plaintiff in several respects, and ought to have been admitted. *Ansley v. Carlos*, (9 Ala. 973,) declares the correct rule governing the admission of the record, and of the papers, when the final record has not been made up.

The attachment bond was a written instrument, the foundation of the suit, purporting to be signed by the defendants, and the plaintiff was at liberty to introduce it in evidence, without proving its execution, under section 2682 of the Revised Code. But it was not necessary for him to offer it, otherwise than by the introduction of the record of the attachment suit, because the defendants, if they signed it, were estopped from requiring further evidence of its existence or genuineness, by the record of that suit, which had been conducted to a final issue.

The judgment is reversed, and the cause remanded.

NOTE BY REPORTER.—At a subsequent day of the term, the appellant applied for a rehearing. This application did not come into the Reporter's hands. The following response was made by

SAFFOLD, J.—The appellees desire a rehearing, on the ground that the court fell into error in supposing the de-

fendant, James Olive, and the maker of the attachment bond, James A. Olive, to have been the same person, whereas, they were different persons. It appears from the transcript that the plaintiff offered to prove their identity; when the court decided that such proof would not alter the case. The ruling of the court could only have been based on the supposed variance on account of the middle name. If the defendant Olive did not sign the bond, he ought to have craved oyer of it, and pleaded *non est factum.*

A rehearing is denied.