McCrary, Circuit Judge.
This suit was Original ly brought to foreclose a mortgage executed by the Kansas Pacific Railway Company to certain trustees, to secure bonds'to the amount of $6,500,000. The original bill'has befen dismissed, and the case stands upon a cross-hill filed by the defendant company, in which it is alleged that the mortgage above referred to is fraudulent and void, and ought, therefore, to be cancelled as a cloud upon its title. It is alleged that said mortgage' was executed as part of a scheme whereby the directors of the company united with certain ' others to enter into certain contracts with the company to build a portion of the company’s railroad, and to receive certain considerations therefor. In other words, it is alleged that the directors of the company were members of a construction company to which the bonds secured by said mortgage were issued; ^,nd that they contracted fraudulently with themselves. Conceding, for our present purposes, the truth of these allegations, the question arises, can the defendant company be granted the affirmative relief prayed for? The general rule is, that a Court of Equity will not in such cases interfere in favor of either party, either to enforce or set aside the contract, or to award damages for its breach. The parties being in pari, delicto, the Court will leave them where it finds them. If this were a contract between natural persons, there could be no doubt about the application of this doctrine; but it is said that the rule does not apply to the defendant corporation because, while the contract was made in the corporate name, the corporation is not, within the meaning of the rule, a party to it, since in making it the directors exceeded their authority. To sustain this view would be, in effect, to hold that a corporation can in no case be guilty of fraud; for, being an artificial being, it can act only through agents; and it would be impossible in any case to show that the charter of a corporation expressly authorized the perpetration of a fraud. It is, however, well settled *171 that a corporation may be guilty of a fraud. The Courts have gone further and held such artificial persons liable in tort in certain cases. The true rule is, that such acts as are done by the directors in the course and within the scope of their powers and duties, are to be regarded as, the acts of the corporation. Such is the rule, even if the acts are unlawful and tortious. 2 Hilliard on Torts, 322; Popeley v. The G. & B. Sewing Machine Co., 2 Wood, 494; Railroad Co. v. Quigley, 21 How., 202; Sandford v. Hundy, 23 Wend., 260; Brokam v. The N. J., etc., Transp. Co., 32 N. J. Law, 331; Fogg v. Griffin, 2 Allen, 1; Rives v. Plankroad Co., 3 Ala., 92; Litchfield Bank v. Peck, 29 Conn., 384; Lee v. The Village of Lundy Hill, 40 N. Y., 442; Perkins v. Railroad Co., 24 N. Y., 213.
These authorities abundantly show that if the directors or agents employed by a corporation conduct themselves fraudulently, so that if they had been acting for private employers, such employers would have been affected by their frauds, the corporation is, in like manner, and to the same extent, affected by them.
In other words, the settled doctrine is,, that a corporation can no more repudiate the fraudulent acts., of its agents, than an individual can. The rule is the same as to both. The doctrine as applicable to private individuals is familiar, The principal is liable for the acts of the agent,, not alone in cases where they are expressly authorized, but also in all cases where such acts come within the range of. the agent’s duties.,
In the case of the Railroad Company v. Quigley, supra, Mr. Justice Campbell says: “The result of the cases is, that for acts done by the agent of a corporation, either in contractu or in delicto, in the course of its business, or of their employment, the corporation is responsible as. an individual is responsible under like circumstances.”
In that case the corporation was sued for libel, and. held liable, the defense that the defendant was a corporate body with defined ahd limited powers, being overruled. It was argued that the corporation, being a mere legal entity, it was incapable of malice, which is a necessary ingredient of a libel.. The defense there, as here, was that the directors .acted outside of their authority, and hound themselves as individuals, only. *172 But the Court said (fol. 209): “To support this argument we would be required to concede that a corporation could only act within the limits and according to the faculties determined by the act of incorporation, and that, therefore, no crime or offense can be imputed to it. That although illegal acts might be committed for the benefit or within the service of the corporation, and to accomplish objects for which it was created, by the direction of their dominant body, that such acts not being contemplated by the charter, must be referred to the rational and sensible agents who performed them, and the whole responsibility must be limited to those agents; and we should be forced, as a legitimate consequence, to conclude that no action ex delicto or indictment will lie against a corporation for any misfeasance.”
It is true that the question there was, whether the corporation was liable in damages for injuries caused by a malicious libel; but if the corporation is liable for one of the consequences of an unauthorized and illegal act of its agents, on the ground that the act was done “to accomplish objects for which it was created,” it is clearly liable for all such consequences. Here one of the consequences of the illegal and fraudulent contract is, that neither party shall be heard in a Court of equity to demand any relief either enforcing or annulling the same. This is a rule of great general importance, and one which the Courts are often called upon to enforce in the interest of sound morality and for the public good. To sustain the present cross-bill would be to determine that the rule has no application to corporations, and that these artificial persons, who act from necessity only through agents, may, through such agents enter into fraudulent and immoral contracts; and, after receiving their benefits, may ask a Court of equity to cancel them on the ground that their agents made them without authority.
We cannot give our assent to such a doctrine. A very large proportion of the most important business of the country is transacted by these artificial persons, and they control vast aggregations of wealth, and exercise vast powers. It is the sound policy of the law to apply to corporations, as far as possible, those rules of good conscience and equity which are enforced as between man and man. The contract now in con *173 troversy was made by the board of directors for the purpose of constructing a railroad, which the corporation was clearly authorized to construct. It was therefore within the general scope of their powers. The corporation may be permitted to defend against the contract on the ground that it was fraudulent as alleged; but if so, it is not because the corporation has any special claims to the favor of a Court of equity in that regard, but solely upon the ground that neither party to a fraudulent contract (both having participated in the fraud), can demand its enforcement. The company is not entitled to affirmative relief, and therefore the cross-bill is dismissed.
J. P. Usher, for complainant in cross-bill.
Glover and Shepley, for defendants.
Foster, District Judge, concurs.