Stewart, J.
The statute governing jury trials in civil cases provides, so-far as it relates to this question: “ Each party may peremptorily challenge two jurors.” Revised Statutes, section 5177. The only reported decision upon this point in Ohio, so far as we have been able to learn, is the case of Morris & Co. v. The Bricklayers’ Union et al., Superior Court of Cincinnati, General Term, found in 23 Weekly Law Bulletin, 48. The decision is adverse to the claim of the plaintiffs in error, but it is claimed that the authorities cited in support thereof do not sustain the court in its conclusions. There is much force in this claim, so far as it relates to the case of U. S. v. Alexander, 17 Pac. Rep. (Idaho) 746, for, as appears from the opinion of Broderick, J., the statutes of Idaho require, where there were several parties on either side, that they must join in a challenge before it can be made. In giving a construction to this statute, it is urged that unless the statute clearly indicates the contrary, each person in a cause should be entitled to the number of peremptory challenges provided by the statute. This has' been so held repeatedly, and we think rightly, in criminal cases, upon the familiar doctrine that in construing statutes changing the common law the latter shall not be considered as altered further than the plain provisions of the statute required. Abbott’s Trial Brief, § 300; Thompson & Merriam on Juries, § 162 (5).
But this principle does not apply in the construction of statutes giving the right of peremptory challenges in civil cases, for there was no such right at common law. Thompson & Merriam on Juries, § 154.
We must, then, so construe this statute as to carry out the manifest intention of the legislature in its enactment, and for that purpose we may look to other acts of the legislature upon the same subject matter, and give to the words used their usual and ordinary meaning. The word “ party ” means “ he or they, by or against whom a suit is.brought, whether at law or in equity; the party plaintiff or defendant whether composed of one or more individuals, and whether natural or *492 legal persons; the contending parties in a suit, plaintiff and defendant, as distinguished from counsel and client.” Anderson’s Law Dictionary, “ Party.”
The legislature has provided for the peremptory challenging of juries in criminal cases in Revised Statutes, section 7272, as follows:
“Every person indicted (for a capital offense), and who pleads not guilty, shall be entitled to challenge sixteen of the jurors peremptorily,” and in section 7277, as follows :
“ Except as otherwise provided, the prosecuting attorney .and every defendant may peremptorily challenge two of the panel, and any of the panel for cause.”
The reading of these statutes would seem to leave no doubt •as to their meaning, but the legislature, to remove all questions as to their intention in passing them, enacted in section 7280 the following:
“ If two or more persons be put on trial at the same time, each must be allowed his separate peremptory challenge.”
Thus we see how carefully the legislature has guarded the rights of each defendant in a criminal cause, and the' use of such specific language in the one case is very significant of the intention of the legislature in passing the law under consideration. It must have been for the purpose of showing that the legislature intended a different rule to apply in criminal and civil cases. Schmidt v. R’y Co. et al., 83 Ill. 405. Thus construing the words used in the statute in their ordinary and as well in their legal sense, and giving effect to the statute in accordance with the manifest intention of the legislature, it seems clear to us that where, as in this case, several defendants are sued as jointly liable, if they make the same defense, although pleading and appearing at the trial by separate counsel, they must be treated as one party, and are not each entitled to two peremptory challenges; nor are they entitled to two peremptory challenges for each separate answer filed. This view is supported by a long line of authorities in other states. Bibb v. Reid, 3 Ala. 88 ; Snodgrass et al. v. Hunt, 15 Ind. 274 ; Blackburn v. Hays, 4 Coldw. (Tenn.) 227; McClay v. Worrell, 24 N. W. Rep. (Neb.) 429; Sodousky v. McGee, 4 J. J. Marsh, 267; Stone v. Seegar, 11 Allen, 568; Schmidt v. R’y Co. et al., 83 Ill. 405; Thompson &Merriam on Juries, § 163. *493 And where the precise language used in the statute under consideration was used in a criminal statute, the same construction we have given it was given in Hamlin v. State, 10 Atl. Rep. (Md.) 214; State v. Cady, 14 Id. (Me.) 940; People v. O’Laughlin, 3 Utah, 133. The only case holding the other way in a civil case, to which we have been referred, or which we have been able to find, is the case of Stroh v. Hinchman, 37 Mich. 490. The first proposition of the syllabus is :
Mower & Mow'ér, for plaintiffs.
Geo. G. Rawlins, for defendant.
“ Each defendant who pleads separately by different counsel is separately entitled to the two peremptory challenges allowed by statute.”
It appears from the opinion that the language of the Michigan statute in regard to peremptory challenges is the same as that of Ohio. If this were the only decision to be found upon this subject, and the other statutés of that state were similar to our own, and we knew nothing of the case except as appears in the syllabus, this would be very persuasive authority.
But as we have seén, this case stands opposed, so far as we have been able to find, to all the other decisions upon the subject. Again, much consideration, as we have said, is to be given to the different language used in our civil and criminal statutes upon the same subject. And a careful reading of the opinion of Judge Cooley, in which appears a full statement of the facts in the case, shows what appears to us to be a marked distinction between that case and the case at bar. In the language of Brewer, J., in the case of Stale v. Durein, 29 Kan. 493, 495, the substance and effect of Judge Cooley’s opinion is that “ where two defendants sever in pleas, and appear by different counsel to litigate antagonistic defenses, each must be deemed a “ party ” within the enactment; and entitled to two challenges.”
In the case at bar there were no antagonistic defenses, and what construction should be put upon the statute in a case where there were, we are not called upon to decide; but we are of the opinion, that for the reasons given, the case in the ■37 Mich, is not an authority for reversing the judgment of the •court-below. — The judgment will be affirmed.