[No. 18429.    In Bank.—April 13, 1896.]

J. EPPINGER et al., Appellants, v. JAY SCOTT, Respondent.

Evidence—Receipt of Telegram—Presumption.—When a telegram has been sent, it is a presumption of fact that it was received by the person to whom it was sent, and the fact that it was sent is admissible evidence tending to show that it was received; but its receipt may be disproved.

Id.—Prepayment of Telegram—Waiver of Objection.—Where no objection is made to the introduction of a telegram as evidence, on the ground that no proof is made that it was delivered to the telegraph company for delivery, or that it was prepaid, and no attempt is made to show the facts in the case, on cross-examination of the witness, objections cannot afterward be urged upon those grounds.

Id.—Res Gestæ—Declarations of Vendor.—Where the vendor of personal property is present when the property is moved by his vendees, the declarations of the vendor as to his object in moving the property, made before the removal is complete, are admissible in evidence as part of the res gestæ, and for. the purpose of throwing light upon the character of the transaction, and enable the jury to determine whether the sale was bona fide, or with the express intent to defraud his creditors.

Appeal from a judgment of the Superior Court of Fresno County and from an order denying a new trial. M. K. Harris, Judge.

The facts are stated in the opinion of the court.

*Terry & Williams*, and *H. G. W. Dinkelspiel*, for Appellants.

The evidence is unconflicting in showing that the sale was an actual sale made in good faith for a valuable consideration, and was accompanied by an immediate delivery and followed by an actual and continued change of possession. (*Gould* v. *Huntley*, 73 Cal. 399; *Ross* v. *Sedgwick*, 69 Cal. 247; *Dana* v. *Stanford*, 10 Cal. 278; *Randall* v. *Buffington*, 10 Cal. 491; *Wheaton* v. *Neville*, 19 Cal. 46; *Stevens* v. *Irwin*, 15 Cal. 503; 76 Am. Dec. 500; *Porter* v. *Bucher*, 98 Cal. 454.)

*George E. Church*, for Respondent.

Harrison, J.— Action of claim and delivery to recover the possession of certain trays and sweat boxes.

The plaintiffs claim the property by virtue of a bill of sale made to them by Napoleon Vieu; and the defendant, who is the sheriff of Fresno county, claims the same by virtue of a levy under a writ of execution upon a judgment issued against said Vieu in behalf of one Fon Kee. The controverted issues at the trial were whether there had been a sufficient change of possession to sat-- isfy the statute of frauds, and whether the sale to the plaintiffs had been made with the express purpose on the part of Vieu to hinder and defraud his creditors, and particularly the plaintiff in the execution. The case was tried by a jury, who rendered a verdict in favor of the defendant. From the judgment thereon and an order denying a new trial the plaintiffs have appealed.

Upon the foregoing issues the evidence in behalf of the respective parties was decidedly conflicting, and the verdict of the jury thereon cannot be disturbed.

For the purpose of sustaining the defendant's claim that the sale by Vieu to the plaintiffs was with the intent to defraud his creditors, evidence was introduced tending to show that the sale was made in consequence of an effort by Fon Kee to collect the amount of his claim; and a telegram, dated April 5, 1893, and directed to Vieu at Dixon, which Mr. Spencer, a witness on behalf of the defendant, testified that he wrote and sent for Fon Kee, was offered in evidence. This telegram is as follows:

"April 5, 1893

"*N. Vieu, Dixon, Cal:* Your note is past due. You no pay me, I commence suit.          FON KEE."

The plaintiffs objected to the introduction of this telegram, on the ground that it was irrelevant, immaterial, incompetent, and could in no way bind them. Their objection was overruled and the telegram admitted in evidence, and this ruling is now assigned as error. It had already been shown that Vieu made the bill of sale to the plaintiffs on the sixth day of April; that Ettlinger, one of the plaintiffs, who resided at San Francisco, met Vieu at the ranch in Fresno on that day by previous

appointment, and received the bill of sale, and commenced moving the property in the afternoon; that it was moved by persons who up to that time had been in the employ of Vieu; that they worked in moving the property during the whole of that night; that when they commenced to move it, Vieu was asked to send the Chinamen to help them, and he replied that he did not want to let the Chinamen know anything about it. During the previous month Vieu had given his note to Fon Kee, and the judgment in favor of Fon Kee had been offered in evidence. Under this state of the testimony it was competent for the defendant to show that the sale by Vieu was with the intent to defraud Fon Kee, and the telegram was both relevant and material for that purpose. If, upon the receipt of the telegram, Vieu immediately went to Fresno and clandestinely executed the bill of sale, and aided in removing the property, the jury would be justified in inferring that these acts were done in consequence of the telegram, and for the purpose of defeating the suit threatened therein by Fon Kee.

In the specifications of errors of law the plaintiffs assign the admission of this telegram in evidence "for the reasons assigned at the time, and for the reason it is not shown that plaintiffs had any knowledge whatever of any such action, or that said telegram was ever received by Napoleon Vieu." These latter objections were not made at the time it was offered, and, although the defendant stated to the court that he intended to show that the telegram had been received by Vieu, it was not necessary that any direct evidence of its receipt should be given. The rule has long been settled and is made statutory in this state (Code Civ. Proc., sec. 1963, subd. 24), "that a letter duly directed and mailed was received in the regular course of the mail." The same rule has been extended to telegrams. (Wharton on Evidence, sec. 1329; Greenleaf on Evidence, sec. 40; Gray on Telegraphs, sec. 136; *Commonwealth* v. *Jeffries*, 7 Allen, 548; 83 Am. Dec. 712; *Oregon S. S. Co.* v. *Otis*,

100 N. Y. 447; 53 Am. Rep. 221.) The presumption is one of fact, and is entitled to more or less weight, according to the circumstances under which the telegram or letter was sent, and its receipt may be disproved; but the fact that it was sent is admissible evidence, and tends to show that it was received. The suggestion that it was not shown that the telegram was delivered to the telegraph company for transmission, or the rates therefor prepaid, in the absence of any objection of this nature at the time of its offer, or of any attempt to show these facts upon cross-examination of the witness, is not entitled to consideration. As was said upon a similar suggestion in *Oregon S. S. Co.* v. *Otis, supra:* "Norris swears that he sent the three letters written by him to Otis. In the absence of any proof to the contrary, or any inquiry as to the mode, we must understand this to mean that they were mailed in the usual manner. If there was doubt about that, the attention of Norris should have been drawn to it and the manner of transmission challenged. It would be extremely critical to deny to the form of expression used by the witness its ordinary and usual interpretation, because it might have been more precise and explicit."

The testimony given by Ah Loo, of statements made by Vieu of his object in moving the trays, was properly received. Burton had testified that Vieu was present during the moving of the trays; and Pourtett had testified that Vieu had directed him to move them, or help to move them, and these statements of Vieu were made before the sale had become complete by delivery, and while the trays were being moved. They were, therefore, a part of the transaction, and were admissible for the purpose of throwing light upon its character, and enabling the jury to determine whether the sale was *bona fide,* or with the express intent to defraud his creditors.

The testimony of the witness Schleyer that she had made a statement at Vieu's request for Fon Kee, even if immaterial, could not have prejudiced the plaintiffs.

The judgment and order are affirmed.

GAROUTTE, J., VAN FLEET, J., and TEMPLE, J., concurred,

McFARLAND, J., dissenting.—I dissent, and adhere to the conclusion reached in Department.

Rehearing denied.

The following is the opinion of Department Two, rendered on the 7th of November, 1895, referred to in the dissenting opinion of Mr. Justice McFarland.

BRITT, C.—Plaintiffs brought this action against defendant, who is the sheriff of Fresno county, to recover possession of a quantity of trays and sweat-boxes used in the curing of raisins.   It is alleged in the complaint that plaintiffs own the property, and that defendant took the same from their possession.   Defendant, by his answer, denied plaintiff's ownership and possession; alleged that he seized the goods under a writ of execution upon a judgment recovered by one Fon Kee against one Vieu; that Vieu was the owner and in possession thereof at the time of such seizure; that plaintiffs took the goods from him, defendant, at the commencement of this action; and prayed a return of the same.   The plaintiffs claim under a bill of sale made to them of the property by said Vieu on April 6, 1893; the levy by defendant was in November, 1893.   The defense is that the sale was void because of constructive fraud in that it was not accompanied by an immediate delivery and followed by actual and continued change of possession of the chattels; and also because of actual fraud, in that the sale was designed to hinder and delay the creditors of said Vieu—especially said Fon Kee.   A jury trial was had, resulting in a verdict and judgment for defendant.

Assuming that evidence to show the sale to be fraudulent in fact was admissible under the issues, then it was relevant to prove that Vieu, the vendor, entertained the fraudulent intent to hinder and delay his creditors (*Landecker* v. *Houghtaling*, 7 Cal. 391); accordingly, Mr.

Spencer, a bank teller, testified that he prepared and sent for Fon Kee a telegram as follows:—"April 5, 1893, N. Vieu, Dixon, Cal. Your note is past due. You no pay immediately, I commence suit. Fon Kee." On this statement the paper purporting to contain the written message was read in evidence over plaintiff's objection, defendant undertaking to prove that Vieu received it, but no such proof was made. We think the testimony did not show the paper to be competent; its object, no doubt, was to show that Vieu was impelled by this threat when he transferred the goods to plaintiffs; it was therefore necessary to raise a presumption that the message reached him, and the testimony did not proceed that far; where the message was sent, or by what means, does not appear; it should have been shown, at least, that it was delivered to some telegraph company or agency for transmission. (1 Greenleaf on Evidence, 15th ed., sec. 40, note; *Oregon Steamship Co.* v. *Otis,* 100 N. Y. 446.)

Immediately after the execution of the bill of sale the plaintiffs began the removal of the trays and boxes from Vieu's ranch, where they then were, to a neighboring ranch; Vieu did not participate in this work; as between him and the plaintiffs—his vendees—it appears that the sale was complete upon the delivery of the instrument evidencing the transfer. One Ah Loo testified in effect that Vieu told him the goods were removed because he, Vieu, was afraid somebody would stop the removal—prevent any transfer; this declaration, so far as can be gathered from the statements of the witness, occurred after the removal of the trays, etc., had been completed, and was certainly subsequent to the delivery of the bill of sale; it is not claimed that plaintiffs heard or had knowledge of it; its admission in evidence was therefore erroneous. (*Jones* v. *Morse,* 36 Cal. 205; *Walden* v. *Purvis,* 73 Cal. 518.)

As to the testimony of the witness, Marie Schleyer, that she, at Vieu's request, made out a statement for Fon Kee, "to show how much money had been taken in,"

we fail to see how plaintiffs could have been injured by its admission, though we also fail to perceive its pertinency; when, or where, or by or for whom, the money was taken, or how the statement bore on the issues, is not disclosed.

The errors noted may have been of not much consequence; but the evidence, as presented in the record, tending to show fraud, whether actual or constructive, was at best inconclusive, and the jury may have accorded controlling weight to the evidence erroneously admitted.

The judgment and order should be reversed.