# Gayle *v.* Court of County Commissioners.

## *Proceedings to Establish Public Road.*

### (Decided April 9, 1908.   46 South. 261.)

1. *Appeal; Review; Presumptions.*—This court will always presume on appeal that a case has been tried by a fair and impartial jury, unless the contrary affirmatively appears

2. *Same; Harmless Error; Peremptory Challenge.*—If the case was tried by an impartial jury, and such is the presumption, the allowance of an unauthorized peremptory challenge is harmless error which will not work a reversal.

3. *Highways; Proceedings to Establish; Evidence; Admissibility.*— The result that would have obtained had the road been run on the other side of the complaining land owners house was immaterial to any issue involved in a proceedings to establish a highway, and the exclusion of such evidence is proper.

4. *Witnesses; Cross Examination.*—The owner of the land sought to be taken for a public highway having testified to its value, it was permissible to ask him, on cross examination, as to how he valued it in giving it in on assessment for taxes, as a declaration against interest, nor was such testimony objectionable as being secondary evidence of such assessment.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Proceedings before the court of county commissioners to establish a public road through the land of W. H. Gayle. From a judgment granting the road and assessing the owner's damages, he appealed to the circuit court. On a trial de novo there was a judgment for the commissioner's court, and assessing the owner's damages, and he again appeals. Affirmed.

The cause presented was a petition to establish a public road in Jackson county, passing through and across the land of W. H. Gayle. The commissioners granted the road and assessed Gayle's damages at $40. The plaintiff offered to challenge the juror Cass for cause because of the fact that he had a case on the civil

docket which was set down for trial during that week of the court, but which had been passed to the succeeding week. The defendant, Gayle, objected to the challenge of said juror for cause, which objection was overruled. The plaintiff was permitted to show by the defendant, Gayle, on cross-examination, that he gave in his whole land for taxes at $1,000. The plaintiff also offered the tax assessment book for the county, and the defendant objected, because it was irrelevant and immaterial. There was judgment for the commissioners' court, and the damage to the land was assessed at $25.

BILBRO & MOODY, for appellant. Counsel discuss assignment of error but without citation of authority.

VIRGIL BOULDIN, for appellee. The court's action in reference to the juror's case is without error or injury. —*Tatum v. Young,* 1 Port. 298; *Adams v. Oliver,* 48 Ala. 551; Sec. 5020, Code 1896.

ANDERSON, J.—Conceding that the case of the juror Case had been passed to the next week, and that he was not, therefore, subject to challenge for cause under section 5016 of the Code of 1896, the presumption is that the case was tried by an impartial jury. "In a civil case, the permission of a peremptory challenge, though unauthorized, is not available on error, if the cause was tried by an impartial jury."—*Adams v. Olive,* 48 Ala. 551; *Tatum v. Young,* 1 Port 298; *Bibb v. Reid,* 3 Ala. 88.

The statement of the defendant as to the result, had the road been run on the opposite side of his house, was foreign to the issue involved, and the trial court did not err in excluding said statement.

Defendant had testified what the land was worth, and the plaintiff had the right to ask him the price at which

he assessed the land.   It is true this was not conclusive proof as to value, but was in the nature of a declaration against his interest.   There was no objection upon the ground that it was secondary evidence of the assessment.

We cannot put the trial court in error as to the assessor's book being put in evidence, as it was not subject to either of the grounds assigned.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.