(94 South. 536)

BYARS et al. v. JAMES. (8 Div. 446.)

(Supreme Court of Alabama. Nov. 2, 1922.)

1. **Landlord and tenant ⟐⟐169(3)—Specification of nature of damages held sufficient.**

In a count for breach of landlord's contract to repair the roof of leased warehouse, a specification that cotton stored in the warehouse was damaged on account of leaks in the roof in a specified sum which the plaintiff was required to pay to the owners of the cotton was a specification of the nature and extent of damages as the circumstances permitted, which is required in such a count.

2. **Landlord and tenant ⟐⟐169(3)—Demurrer to count for failing to show whether contract was verbal or written should be sustained.**

Defendants in action on landlord's contract to repair roof of leased warehouse have a right to have specification of the nature of the contract, whether based on consideration, and to this end to know whether it was verbal or written, so that a demurrer challenging the sufficiency of the count for failing to state whether the contract was verbal or written should have been sustained.

3. **Frauds, statute of ⟐⟐129(8)—Lease signed by lessee and mailed lessor not signing not evidence of contract, though lessee went into possession and paid rent.**

A lease written by the lessor and mailed to the lessee, who did not sign it, is not admissible as evidence of the lease contract under Code 1907, § 4289, even after the lessee had gone into possession of the property and paid rental therefor.

4. **Witnesses ⟐⟐257—Writing used to refresh recollection not admissible if witness testifies independently.**

Where a writing is used to refresh the memory of a witness, and the witness, after examining the writing, testifies from his independent recollection as to the facts, the writing is not admissible in evidence, though, if the witness testifies he has no independent recollection, but merely recollects that the facts were correctly stated in the writing, it is admissible as auxiliary to his testimony.

5. **Landlord and tenant ⟐⟐5(1)—Stipulation for reduction to writing must be performed or waived to make a valid contract.**

Where it was stipulated at the time of the conclusion of negotiations between the parties that the contract should be reduced to writing by plaintiff, there was no completed contract until that was done and the written lease was executed by the parties thereto, though the provision might be waived by the parties by delivery of possession and payment of part of the stipulated consideration.

6. **Evidence ⟐⟐71—Mailing properly stamped and addressed letter raises presumption of receipt.**

Proof that letters were properly stamped, addressed, and mailed raises a prima facie inference that they were received in due course by the addressee.

7. **Landlord and tenant ⟐⟐25(5)—Ordinarily denial of receipt of letter properly mailed raises jury question.**

Ordinarily the conflict in evidence presented by positive testimony that the contract of landlord with tenant was reduced to writing and mailed by plaintiff to defendant, from which the presumption of its receipt may be indulged, and the positive denials of defendant that the instrument was received, would make a jury question as to the fact of its receipt.

8. **Evidence ⟐⟐54—Copy of writing lessee claimed to have mailed held incompetent as admission by lessor.**

Where the lessee claimed to have reduced to writing the lease agreement as required by the oral understanding and to have mailed a copy to one of the lessors who denied receiving it, the court will not indulge in a double presumption that the copy was received and that the lessee communicated to his colessors the terms therein stated, so that a copy retained by the lessee is not admissible as an admission by the lessors.

9. **Evidence ⟐⟐99—Amount paid by lessee for damages to goods stored with him is incompetent against lessors.**

In an action by a lessee for damages caused by a leak in the roof which the lessors did not repair as agreed, the amount paid by the lessee to the owners of the cotton stored with him is incompetent to prove the damage, being res inter alios acta.

10. **Evidence ⟐⟐472(2)—Witness cannot state amount of damage done to cotton by rain.**

In action by lessee for damage to cotton stored in his warehouse, caused by rain which leaked through the roof, it was error to permit the lessee to state the amount of damages caused to the cotton by the rain which was the question for the jury to determine, but he should have stated the price of the cotton immediately before and after it was damaged.

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Damages ⬳113—Measure of damage for injuries to chattel is depreciation for market price.**

The measure of damages for injuries to a chattel is the difference between the market value of the property just before and just after the injury if the property was not rendered worthless by the injury.

Appeal from Circuit Court, Lawrence County; Osceola Kyle, Judge.

Action by I. L. James against J. D. L. Byars and others. From a judgment for plaintiff, defendants appealed to the Court of Appeals, from which the case was transferred to the Supreme Court under Acts 1911, p. 449, § 6. Reversed and remanded.

C. M. Sherrod and R. L. Almon, both of Moulton, for appellants.

A writing purporting to contain the terms of a contract, but which the parties never executed by signing, cannot be read in evidence. 3 Ala. 100; 69 Ala. 354; 91 Ala. 588, 8 South. 800. The measure of damages in a case like the one at issue is the difference between the value of the property before the injury and the value after. 79 Ala. 298; 96 Ala. 255, 11 South. 280; 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188. Where a defendant is brought into court to answer in damages for an alleged wrong done to plaintiff, good pleading requires that plaintiff shall inform the defendant in what the wrong alleged consisted. 151 Ala. 353, 44 South. 46.

G. O. Chenault, of Albany, for appellee.

A contract may be partly oral and partly written, and it is no objection to the introduction in evidence of the contract that only part of it is reduced to writing. 75 Ala. 487; 91 Ala. 588, 8 South. 800. Witnesses who are acquainted with the property involved and who have observed the effects of the injury complained of, after giving the facts to the jury, may testify as to the fact and extent of damage. 8 R. C. L. 646.

THOMAS, J. The suit on contract resulted in judgment for plaintiff.

[1, 2] Count 1 declared for breach of contract in the failure to repair the roof of the warehouse, claimed damages proximately resulting therefrom, and specified the same, viz.:

"Cotton stored therein was damaged on account of leaks in the roof in said sum of $913.-95, which the plaintiff was required to pay the owners of said cotton."

Defendants had the right to have specification of the nature of the contract, whether based on sufficient consideration, and, to this end, to know whether the contract was verbal or written (Birmingham R., L. & P. Co.

v. Littleton, 201 Ala. 141, 77 South. 565; Hart v. Coleman, 201 Ala. 345, 78 South. 201, L. R. A. 1918E, 213; McCormick v. Badham, 204 Ala. 2, 8, 85 South. 401), and such specification as the circumstances of the case will permit of the nature and extent of the damages alleged to have been sustained by plaintiff (Irby v. Wilde, 150 Ala. 402, 43 South. 574; Anniston Elec. & Gas Co. v. Rosen, 159 Ala. 195, 208, 212, 48 South. 798, 133 Am. St. Rep. 32; Powell v. Schimpf, 154 Ala. 665, 44 South. 1044 [memo.]; King Land & Imp. Co. v. Bowen, 7 Ala. App. 462, 480, 61 South. 22). The specifications of nature and extent of damages were such as the circumstances of the case admit. However, there was error in overruling defendants' ground of demurrer challenging the sufficiency of the count in failing to state whether the contract was verbal or written. The same defect in the second count was duly challenged by demurrer, and was overruled. In this there was error.

On the trial the plaintiff, as a witness in his own behalf, testified that he rented a "certain warehouse in Hillsboro, Ala., from the defendants Mr. Byars, Mr. Cartee, and Mr. Gillespie" on January 23, 1918; that he "made a memorandum of that contract and signed it and sent a copy to them to sign and return to" him. "They did not return it." The context shows that he was referring in the use of the words "to them" and "they did not," etc., to defendants. Plaintiffs then offered in evidence the interrogatories propounded to defendants and answers by defendant Gillespie to the effect that, as owners of the warehouse, on February 23, 1918, they rented the same to plaintiff "for a term of three years"; that they "had verbal authority from a majority of the joint owners * * * given at a meeting" held February 16, 1918; that "there was no written contract concerning the rent or repair of the warehouse," and that the owners "agreed to put the roof in good condition, and Mr. I. L. James [plaintiff] * * * agreed to keep it in good condition." The defendant further answered to the interrogatories that the owners "gave Mr. I. L. James the job to repair the roof and expected him to make it nonleakable, as he had contract to do so"; that he did not "know whether he made it nonleakable or not"; that he knew the "warehouse was being used for storing cotton and fertilizer"; that James "had taken the contract to repair the roof and had agreed in the first contract to keep it in repair"; that the defendants had not paid him the damages demanded. Continuing, Mr. James testified of the negotiation between the parties for the rental, of the temporary repairs which he had a third party make on the roof, etc.; that he did not agree, as a part of the contract, to have the

.roof repaired or make it nonleakable, but that what he did on the roof was at the mere request of defendant owners; that he was asked by one of the joint owners "to write out the contract," to which witness agreed and promised to send a copy thereof the next day to defendant owners, which he did; that "their names wasn't signed to that contract." It is then recited by the bill of exceptions that "the plaintiff then offered in evidence the memorandum of the contract that he [James] * * * wrote and sent, that their names [the owners] were not signed to [it], but did not offer the names of defendants as being signed to it." The testimony showed that there were "names on the contract there in pencil" added by plaintiff. The defendants "objected to the introduction of said contract because the same was illegal, immaterial, and irrelevant, because the testimony shows that it was signed by only one party to the contract, and because it is not a contract, and because it is not signed by the party that is sought to be bound to it." The court overruled the defendants' objection and allowed such written memorandum to be introduced in evidence, to which action of the court defendants duly excepted. The contract was in words and figures as follows:

"We this day lease to I. L. James, the warehouse in Hillsboro, Alabama, for a term of three years, for $100 each year, $25 the first of each quarter. We are to repair the roof on said warehouse and make same non-leakable and James is to keep roof in repair at his own expense until his lease expires. James is to fill up a large mud hole at the south end of the warehouse. Should either party to this contract fail to comply with same, party failing, shall pay the other party all damages caused by such failure. Lessee I. L. James."

Was this contract or copy thereof properly allowed in evidence against defendants' due objection and exception? To sustain the ruling of the trial court, it must have been admissible: (1) As a written lease of real property for a term of more than a year (Code, § 4289); or (2) as a memorandum of the exact terms of the contract used by the witness to refresh his recollection and about which he had not independent recollection, other than the fact that at the time the same was reduced to writing he knew it to be the true agreement of the parties; or (3) as an admission against interests by the party to whom the contract, copy, or memorandum was said to have been mailed or given. The receipt of same was denied by the party sought to be concluded thereby, as also was its contents, or that the paper exhibited at the trial was a true memorandum of the contract of the parties.

[3] We are of opinion that its admission cannot be justified as the lease contract of the warehouse in question. A discussion of this phase of the subject is to be found in Heflin v. Milton, 69 Ala. 354, 358.

[4] Its introduction cannot be justified as a memorandum of the contract. An early treatment of the principle is contained in Vastbinder v. Metcalf, 3 Ala. 100, as follows:

"A witness who has made a memorandum of facts may refresh his memory by referring to it; and if by that means he obtains a recollection of the facts' themselves, as distinct from the memorandum, his statement is evidence. 1 Starkie on Ev. 127. For this purpose only could this paper have been looked to by the witness, but it was not evidence for any purpose whatever to go before the jury."

The paper or memorandum made the subject of this discussion was of a lease to a sawmill and the hire of slaves for one year at a recited consideration, but which was not signed by the parties, but was proved by the person who wrote it to be the agreement under which the lease was made. The memorandum of the contract was held inadmissible against due objection and exception. Russell v. Bush, 196 Ala. 309, 321, 71 South. 397; Floyd v. Pugh, 201 Ala. 29, 33, 77 South. 323.

Again, in a later decision, it was declared that a memorandum or other writing is not made evidence by being used to refresh the memory of a witness, if the witness, after examining the writing, testifies from his independent recollection of the facts (Rutherford v. Bank, 14 Ala. 92); that, where a witness. has no independent recollection after his reference to the memorandum, but testifies merely from his knowledge of the accuracy of the paper or entry when it was made, in such event the memorandum or paper may be read in evidence as auxiliary to the witness' testimony, or as a statement of fact adopted by him and testified as being true and correct when made. Floyd v. Pugh, supra; Mims v. Sturdevant, 36 Ala. 636; Holmes v. Gayle, 1 Ala. 517; 40 Cyc. 2467.

The substance of the testimony was that the lease was for a term of three years; that one of the owners asked plaintiff to write it out, and he replied, "You can write it or Mr. Byars can," to which Clarence Gillespie answered, "You can get it up," to which plaintiff assented, saying, "I will write it and send you a copy, which I did the next day. I kept a copy of the contract; * ' * * Clarence will testify that he told me to write the contract." The contract, being for the lease of real property for a period of three years, is required to be in writing, unless it is within the exception provided by the statute. Formby v. Williams, 203 Ala. 14, 81 South. 682; Code. § 4289.

[5] If it was stipulated at the time of the conclusion of negotiations between the parties that the contract should be reduced to writing by plaintiff, there was no completed contract until this was done and the same executed by the parties thereto. Hodges v. Sublett, 91 Ala. 588, 8 South. 800. This provision may be waived by the parties, re-

spectively, by delivery of possession and payment of a part of the purchase price. Formby v. Williams, supra. Plaintiff testified that he immediately reduced it to writing and the next day sent a copy thereof by mail to defendant Gillespie. The latter testified that no such contract was ever received. The contract, or copy thereof, not being signed by the parties sought to be charged as to its proof, fell within the meaning of the rule announced in Heflin v. Milton, supra, and the copy retained by James could not have been admitted in evidence over the objection of the defendants as the original contract subscribed by the respective parties to be bound thereby, or as a memorandum thereof used by the plaintiff as a witness to refresh his recollection in proof of a provision of which he had independent recollection. There was then error in its admission in evidence and in permitting the same to be read to the jury, unless it was competent as a self-harming admission by and against the party sought to be bound by the contents of the writing or contract.

Since the case of Slatterie v. Pooley (1840) 6 Meeson & Welsby's Exchequer Rep. 664, 10 L. J. E. Ex. 8, it has been regarded as settled in England that the parol admissions by a party are evidence against him, although they relate to the contents of a written instrument in issue in the cause. In the United States there is an irreconcilable conflict in the decisions on the subject. However, in this jurisdiction the oral or written self-harming admissions of a party in respect to the contents of a written instrument sought to be introduced in evidence without accounting for the absence of the written instrument has been the subject of discussion. Ex parte Edmunds, 203 Ala. 349, 83 South. 93; Coleman v. Coleman, 198 Ala. 225, 73 South. 473; Tumlin v. Tumlin, 195 Ala. 457, 463, 70 South. 254; Gayle v. Commissioners, 155 Ala. 204, 46 South. 261; Sellers v. Farmer, 151 Ala. 487, 43 South. 967; Bickley v. Bickley, 136 Ala. 548, 557, 34 South. 946; Barnett v. Wilson, 132 Ala. 375, 31 South. 521; Paysant v. Ware, 1 Ala. 160; Sally's Admr. v. Capps, 1 Ala. 121. See, also, decisions of the United States Supreme Court to like effect. Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Durland v. U. S., 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; Tubbs v. U. S., 105 Fed. 59, 44 C. C. A. 357; 2 Jones on Ev. § 208 (207); 2 Wigmore, §§ 1255, 1256; L. R. A. 1918C, 664, 668, note. There are cases in this jurisdiction to the contrary. Cloud v. Patterson, 1 Stew. (Ala.) 394; Morgan v. Patrick & Smith, 7 Ala. 185; Ware v. Roberson, 18 Ala. 105, 108; Fralick v. Presley, 29 Ala. 457, 462, 65 Am. Dec. 413.

[6] In this jurisdiction the delivery of letters properly stamped, addressed, and mailed (Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 South. 737; Carpenter v. Naftel,

203 Ala. 487, 83 South. 471; Corley v. Vizard, 203 Ala. 564, 84 South. 299; Farmers' Mut. Ins. Ass'n v. Stewart, 192 Ala. 23, 26, 68 South. 254; Pioneer S. & L. Co. v. Thompson, 115 Ala. 552, 557, 22 South. 511; O'Connor, etc., Co. v. Dickson, 112 Ala. 304, 20 South. 413; De Jarnette v. McDaniel, 93 Ala. 215, 9 South. 570) and the delivery of a message to a telegraph company for transmission properly addressed raises the inference, prima facie, that it was received in due course by the addressee (Corry v. Sylvia y Cia, 192 Ala. 550, 68 South. 891, Ann. Cas. 1917E, 1052; Oregon S. S. Co. v. Otis, 100 N. Y. 446, 3 N. E. 485, 53 Am. Rep. 221; Eppinger v. Scott, 112 Cal. 369, 42 Pac. 301, 44 Pac. 723, 53 Am. St. Rep. 220). In the instant predicate for the use of the copy of the alleged contract as evidence of the contents of the original, said to have been duly mailed by the lessee to the landlord and not returned to the sender, its receipt must rest entirely upon the double presumption and that of the communication by him to his fellows of its contents if so received by the addressee. The landlord in positive terms denies that receipt, or that the copy exhibited was a correct transcription of the contract.

[7] Ordinarily the conflict in the evidence presented by the positive testimony that the contract was duly and correctly reduced to writing as requested by the other party, signed by the lessee and by him mailed to the landlord, and the presumption of its receipt that may be indulged against the addressee of a letter properly stamped, addressed, and mailed, the positive denials of the alleged addressee that such instrument was received, and that the copy offered in evidence did not correctly transcribe the agreement of the parties, would make a jury question of the fact (1) of its receipt and (2) of its contents.

[8] However, this manner of making proof of the material fact of the receipt of the copy of the transcribed agreement or contract involved (in the instant ruling) will not justify the same. That is to say, whatever the rule as declared in this jurisdiction may be, we are unwilling to give application to the instant presumptions, and to the character of the evidence, as such a self-harming admission as to authorize the introduction in evidence of the paper in question. We are of the opinion that the introduction of the copy or memorandum of the lease contract in evidence was reversible error.

The authorities are collected in Hart v. Coleman, 201 Ala. 345, 78 South. 201, L. R. A. 1918E, 213, pertaining to the liability vel non of a landlord for damages resulting in injury to the person or property of a tenant for failure of the duty, etc., per terms of contract arising therefrom, and need not be repeated.

[9] The fact that plaintiff had agreed, compromised, or paid claims (without suit and judgment) for damages sustained by his

customers to cotton stored with him in the warehouse, the subject of contract with the parties, was an immaterial inquiry. The fact that such property was damaged, the nature and extent thereof,' and whether the damage was the proximate result of a breach of contract for which plaintiff was subject or liable, were pertinent inquiries; not, however, what plaintiff paid or agreed to pay to Hardin, Almon, and others of plaintiff's customers storing cotton or paid or agreed to pay purchasers of cotton standing in the warehouse, for damages sustained by them or checks or receipts given or taken by plaintiff to or from customers in settlement of such damages. Such matters were, as between plaintiff and defendants, res inter alios acta.

[10] The plaintiff as a witness may not state as his opinion that Hardin's cotton "was damaged from leaks in the warehouse $859.44." The facts showing the nature and extent of the damage, the price of the cotton immediately before and after so damaged, if it was not destroyed or rendered valueless, should have been shown the jury that it might draw the conclusion of the fact of and extent of the damage. That is to say, the fact whether or not it was damaged, and, if so, the extent of its value, were jury questions that may not be shown by the mere expression of an opinion by the witness. Burnett & Bean v. Miller, 205 Ala. 606, 88 South. 871.

[11] The measure of damages of an injury to a chattel is the difference between the value of the property just before and after the injury; that is to say, where the property was not rendered worthless by the injury on which the suit rests. Welch v. Evans Bros. Const. Co., 189 Ala. 548, 66 South. 517; Krebs Mfg. Co. v. Brown, 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188; Buist v. Guice, 96 Ala. 255, 11 South. 280; Georgia Pac. R. Co. v. Fullerton, 79 Ala. 298. See authorities in Burnett & Bean v. Miller, supra.

The cause should be retried. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.