# Norris, *et al. v.* Merchants Nat. Bank.

### *Assumpsit.*

(Decided Dec. 21, 1911.   57 South. 71.)

*Bills and Notes; Defenses; Bona Fide Holders.*—It is no defense to a negotiable instrument in the hands of a bona fide holder for value that the note as signed was delivered to the payee with an agreement that it should not take effect unless certain other persons should sign, and that the payee made misrepresentations and committed fraud in procuring the defendant's signatures.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by the Merchants' National Bank of LaFayette, Ind., against J. A. Norris, and another, upon a promissory note. Judgment for plaintiffs and defendant appeals. Affirmed.


BANKHEAD & BANKHEAD, and NORMAN GUNN, for appellant. The defendants respectfully submit that the facts alleged in their pleas were sufficient to take it out of the rule governing commercial paper and permit them to set up their defense under the principles found in the following authorities: *White Sewing Machine Co. v. Saxon,* 121 Ala. 399; *Guild v. Thomas,* 54 Ala. 414; *Chipman v. Tucker,* 38 Wis. 43; 20 Am. Rep. 1; *Jennings v. Todd,* 118 Mo. 296.

A. F. FITE, for appellee. By insisting on only one assignment of error appellants waive the others.—*L. & N. v. Holland,* 55 So. 1008. The cases relied on by ap-

pellant deal with sureties or guarantors on non-commercial instruments, and have no bearing on the issues here presented.—*Merchants' Nat. Bank v. Norris*, 51 So. 16. The court properly ruled upon the pleadings. —*Prim v. Hummel*, 134 Ala. 652; *Bank v. Johnson*, 97 Ala. 664.

WALKER, P. J.—To the complaint counting on a promissory note alleged to have been signed by the defendants (the appellants here) as makers, they interposed several pleas, setting up that the note as signed was delivered to the payees under an agreement that it should not take effect unless other named persons should sign the same as makers, and also alleged misrepresentations made and fraud committed by the payees in procuring the defendants' signatures to the note. To these pleas the plaintiff filed a special replication, which alleged that the note sued on is commercial paper, and was purchased by the plaintiff of the payees in good faith, for value, before maturity, and without any notice of any of the misrepresentations, agreements, statements fraud, or deceit, or other defenses set up in said pleas. The demurrer to this replication was properly overruled. Authorities cited by the counsel for the appellants bearing upon the question of the right of a surety to plead, in defense of the instrument sued on, that he signed the same as surety under a condition as to the right of the principal to deliver it to the obligee, and that it was delivered without a compliance with such condition (*White Sewing Machine Co. v. Saxon*, 121 Ala. 399, 25 South. 784; *Guild, Register, v. Thomas*, 54 Ala. 414 25 Am. Rep. 703), have no application in favor of the maker of commercial paper as against a holder thereof who acquired it in good faith, for a valuable consideration, before maturity, and without notice

of any matter of defense to it (*First National Bank of Decatur v. Johnston,* 97 Ala. 655, 11 South. 690; 4 Am. & Eng. Ency. of Law [2d Ed.] 335, 337).

Affirmed.